## PEOPLE v. MARKUS.

(Supreme Court, Appellate Division, Fourth Department. May 12, 1915.)

1. CRIMINAL LAW ⬅780—ACCOMPLICES—CORROBORATION—INSTRUCTIONS.

An instruction: "As a corroboration, you have the evidence. * * * * This you will see, if you believe it, tends to connect defendant with the crime"—may well have misled the jury to believe it was sufficient corroboration of the accomplices' testimony that defendant's receipt of the stolen goods, which was admitted, was with guilty knowledge that they were stolen.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1859–1863; Dec. Dig. ⬅780.]

2. CRIMINAL LAW ⬅511—ACCOMPLICES—CORROBORATION—GUILTY KNOWLEDGE.

The mere shipment of goods by defendant, after buying them, with no circumstances to indicate that it was anything but an ordinary shipment of his own property, is not sufficient corroboration of his having purchased with guilty knowledge of their having been stolen.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1128–1137; Dec. Dig. ⬅511.]

Kruse, P. J., and Robson, J., dissenting.

Appeal from Genesee County Court.

Jacob Markus was convicted of receiving stolen property, and, from the judgment and from an order denying his motion to set aside the verdict and for a new trial, he appeals. Reversed, and new trial granted.

See, also, 151 N. Y. Supp. 1136.

Argued before KRUSE, P. J., and ROBSON, FOOTE, LEMBERT, and MERRELL, JJ.

George Y. Webster, of Rochester (Louis E. Fuller, of Rochester, of counsel), for appellant.

William H. Coon, Dist. Atty., of Batavia, for the People.

---

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

PER CURIAM. We are not satisfied that defendant's conviction of the crime of receiving stolen property, knowing it to have been stolen, should stand. Of the fact of defendant's purchase of the stolen property from Goldberg and Kramer, who received it from the thieves, there was no question or dispute. He freely admitted it at the time of his arrest and testified fully as to the circumstances of the purchase at the trial. The vital question for the jury was whether he had guilty knowledge that the property had been stolen. The only direct testimony that he had was given by witnesses who were held by the trial court to be accomplices. No conviction could be based on their testimony unless "corroborated by such other evidence as tends to connect the defendant with the commission of the crime." Code of Criminal Procedure, § 399. The accomplices were not prosecuted, but warrants for their arrest, or of the principal ones, were in the sheriff's hands, but, by direction of the district attorney, were not executed pending the trial of this case. They were thus strongly tempted to try to earn immunity from prosecution for themselves by assisting to convict the defendant.

Two witnesses, not accomplices, one the truckman who took the goods in boxes to the freighthouse for shipment after defendant had bought them, defendant riding with him on the dray, and one the railroad freight clerk with whom defendant transacted the business of marking and shipping the boxes, testified to these transactions. Their testimony showed that this was all done publicly in the daytime, with no circumstance to indicate that a shipment was being made of stolen goods or that the transaction was other than the ordinary shipment of goods by the owner. The defendant as a witness fully corroborated these two witnesses in all the material parts of their testimony. Nevertheless, the learned county judge instructed the jury that they might find the necessary corroboration of the testimony of the accomplices in the testimony of these two witnesses. He said:

"As a corroboration, you have the evidence of Trietley, the truckman, who took the goods from Kramer's house to the station here with Markus on the truck, and the testimony of Passage, the clerk at the freighthouse, who saw Markus there when he came with the goods to ship them. This evidence you will see, if you believe it, tends to connect the defendant with the crime."

[1] As the fact that the defendant had bought these goods of Goldberg and Kramer and had shipped them at the time and in the manner described by these two witnesses was not at all disputed in the case, but had been testified to by defendant himself as a witness, and as defendant's only ground of defense was that he bought the goods in good faith in the usual course of his business as a dealer in odd lots, remnants, etc., with no knowledge or suspicion that they were stolen goods, we think the jury may have been misled, by the part of the charge quoted, to believe that they were justified in finding from the circumstances of the shipment of the goods by defendant alone sufficient corroboration of the testimony of the accomplices that defendant had guilty knowledge that the goods were stolen, and thus that the shipment alone was sufficient to connect him with the crime.

There was other testimony which the jury were properly instructed

they might find tended to corroborate that of the accomplices, but its probative value in that direction was not so great as to justify us in concluding that the jury did not find the necessary corroborating testimony in the circumstances of the shipment alone.

[2] We are of opinion that the circumstances of the shipment of the goods do not in or of themselves afford sufficient corroboration of the testimony of the accomplices to justify a finding of guilty knowledge by defendant that he was purchasing stolen goods.

In view of defendant's previous good character, we think the ends of justice will be promoted by another trial.

The judgment of conviction and the order should be reversed, and a new trial ordered.

KRUSE, P. J., and ROBSON, J., dissent.