(174 App. Div. 470)

## PEOPLE v. ZIMMER.

(Supreme Court, Appellate Division, Second Department.　July 28, 1916.)

1. INDICTMENT AND INFORMATION ⬥129(2)—JOINDER OF COUNTS—LARCENY AND RECEIVING STOLEN PROPERTY.

Joinder in one indictment of two counts, one of second degree grand larceny, and the other of receiving stolen property, is proper.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 415, 416; Dec. Dig. ⬥129(2).]

2. CRIMINAL LAW ⬥1134(3)—APPEAL—SCOPE OF REVIEW.

Where the indictment was for grand larceny in one count, and receiving stolen property in the other, and conviction was on the second count only, the court on appeal is limited to review only evidence tending to establish the second count.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2989, 2990, 3056; Dec. Dig. ⬥1134(3).]

3. RECEIVING STOLEN GOODS ⬥3 — ELEMENT OF OFFENSE — LARCENY — SCIENTER.

While, to constitute the offense of receiving stolen goods, some one must have first committed larceny, such larceny is not strictly an element of defendant's crime, but only a prerequisite which must be connected with the receiver by scienter, or by good ground to believe that the property had been stolen.

[Ed. Note.—For other cases, see Receiving Stolen Goods, Cent. Dig. § 5; Dec. Dig. ⬥3.]

4. CRIMINAL LAW ⬥112(9)—PLACE OF TRIAL—COUNTY OF OFFENSE.

Under Penal Law (Consol. Laws, c. 40) § 1308, defining the offense, receiving stolen goods is a substantive offense, jurisdiction to indict and try which is local, except under Code Cr. Proc. § 135, within 500 yards of the county line, or under section 137, when committed on a train; jurisdiction not having been extended as under the English Larceny Act.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 225, 226, 230; Dec. Dig. ⬥112(9).]

5. CRIMINAL LAW ⬥112(9)—PLACE OF TRIAL—COUNTY OF OFFENSE.

Code Cr. Proc. § 134, providing that if a crime is committed in part in different counties, or the acts or effects occur in two or more counties, jurisdiction to try the offense is in either, does not apply to receiving stolen goods, which offense is complete where the goods are knowingly received.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 225, 226; Dec. Dig. ⬥112(9).]

6. CRIMINAL LAW ⬥323—RECENT POSSESSION—PRESUMPTION.

No presumption that stolen goods were received within the county can be indulged from the mere fact of recent possession, in the face of uncontradicted evidence that the receipt was in another county.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 724, 726, 730–751; Dec. Dig. ⬥323.]

Appeal from Trial Term, Kings County.

Michael Zimmer was convicted of receiving stolen property, and he appeals.　Reversed, and defendant discharged.

Argued before JENKS, P. J., and THOMAS, CARR, RICH, and PUTNAM, JJ.

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Otho S. Bowling, of New York City, for appellant.

Harry G. Anderson, Asst. Dist. Atty., of Brooklyn (Harry E. Lewis, Dist. Atty., and Hersey Egginton, Asst. Dist. Atty., both of Brooklyn, on the brief), for the People.

PUTNAM, J. [1] The indictment had two counts: (1) Grand larceny, second degree, in that, on August 2, 1913, he stole a horse valued at $200 from William Lynch; (2) criminally receiving stolen property, in that, on August 2, 1913, *in the county of Kings,* defendant received a horse of the value of $200, the property of William Lynch, which had been stolen, as defendant knew. The joinder of these two counts was proper. People v. Wilson, 151 N. Y. 403, 408, 45 N. E. 862.

[2] The jury found defendant guilty under the second count, virtually an acquittal under the first count for larceny. The verdict having acquitted defendant of grand larceny, our review must be limited to the evidence tending to show the crime of receiving stolen property. The jury must have reasoned that one Schwartzburg stole the horse, which he then sold to defendant, who, at the time of his purchase, knew the horse had been stolen.

The indictment charges that the crime was committed in Kings county. The evidence shows that the sale was consummated in a saloon in New York county, and that the horse was delivered by Schwartzburg to defendant at the same time. Earlier, the Revised Statutes (section 43, art. 2, c. 2, pt. 4, vol. 2, pp. 726, 727) provided that:

"In the cases where any person shall be liable to prosecution as the receiver of any personal property that shall have been feloniously stolen, taken or embezzled, he may be indicted, tried and convicted in any county where he received or had such property, notwithstanding such theft was committed in another county."

Except by adding the words "or had such property," which extended the jurisdiction to places where the goods might be carried by the receiver (Wills v. People, 3 Parker Cr. R. 473), this was but declaratory of the common law. If it were still in force, it would not aid this prosecution, as it gave no jurisdiction to indict and try in the place of original larceny, to which defendant was not an accomplice.

When the metropolitan police district was formed by bringing together the counties of New York, Kings, Westchester, and Richmond (L. 1857, c. 569), an act was passed which assimilated these four counties, so that a receiver of stolen goods could be tried in the county of the taking, notwithstanding such property had been bought or received in any other county in said district (L. 1869, c. 278, § 1). This, however, has been repealed. L. 1881, c. 537, § 1; L. 1909, c. 66, § 6.

[3] While, to constitute the offense of receiving stolen goods, some one must have first committed larceny, such larceny is not strictly an element of defendant's crime, but only a prerequisite which must be connected with the receiver by scienter, or by good ground to believe that the property had been stolen.

[4] At common law, the receiving of stolen goods was a misdemeanor, and it was a substantive offense. By St. 3 & 4 W. & M. c.

9, and St. 5 Anne, c. 31, the offender was made an accessory to the theft and punishable as such. The common-law remedy was not taken away, as the prosecutor could punish the receiver for the misdemeanor, or, after conviction of the thief, could prosecute the receiver as an accessory. 4 Bl. Com. 38, 132. An early New York statute provided for punishing the receivers of stolen goods feloniously taken away or stolen, "whether the principal be convicted or not." R. L. 1813, c. 29, § 13, passed March 19, 1813.

The learned district attorney refers us to the English Larceny Act (7 & 8 George IV, § 56 [1828]), which provided that a receiver, "whether charged as an accessory after the fact to the felony, or with a substantive felony, or with a misdemeanor only, may be dealt with, indicted, tried, and punished in any county or place in which he shall have or shall have had any such property in his possession, or in any county or place in which the party guilty of the principal felony or misdemeanor may by law be tried, in the same manner as such receiver may be dealt with, indicted, tried, and punished in the county or place where he actually received such property" (Chitty, Crim. Law, Appendix, p. liii). But such an extension of the jurisdiction has not obtained in this state.

Our Penal Law, § 1308, like the earlier statutes, treats receiving stolen goods as a substantive offense. Jurisdiction to indict and try must be local, like other offenses. It is not outside the county, unless in exceptional instances, as within 500 yards of the county boundary line (Code Cr. Proc. § 135), or upon a railway train (Code Cr. Proc. § 137). And the offense is committed where the goods were received, and not elsewhere. 12 Cyc. 234; Clark & Marshall, pp. 763, 764.

[5] The learned district attorney relies, however, on section 134 of the Code of Criminal Procedure, providing for jurisdiction in either county where a crime is committed in part in different counties, or "the acts or effects * * * occur in two or more counties." This familiar criminal legislation does not apply to receiving stolen goods in states, as in New York, where receipt of stolen goods is made a complete substantive offense. It was committed where the horse was knowingly bought. No act or consummation was in Kings county. Allison v. Commonwealth, 83 Ky. 255; State v. Pray, 30 Nev. 206, 94 Pac. 218; People v. Stakem, 40 Cal. 599; State v. Rider, 46 Kan. 332, 26 Pac. 745; Roach v. State, 5 Cold. (Tenn.) 39; see Commonwealth v. O'Neill, 10 Pa. Dist. R. 227. Clearly, therefore, defendant was improperly convicted in Kings county.

[6] It is argued that the jury might indulge in a presumption, from defendant's recent possession of the horse, that he had criminally received the horse here in Kings county. After the testimony in the case, followed by acquittal of appellant for larceny, no basis whatever remained for such a presumption, in disregard of the uncontradicted proofs of purchase and sale in New York county.

The judgment of conviction should therefore be reversed, and appellant discharged.

THOMAS, CARR, and RICH, JJ., concur. JENKS, P. J., not voting.