# COURT OF APPEALS.

## February 26, 1924.

## THE PEOPLE v. JOSEPH SPEVAK.

(237 N. Y. 460.)

CRIMINALLY RECEIVING STOLEN PROPERTY—AUTOMOBILE STOLEN IN NEW YORK COUNTY AND SOLD BY DEFENDANT IN KINGS COUNTY—CONVICTION IN NEW YORK COUNTY OF CRIMINALLY RECEIVING STOLEN PROPERTY PROPERLY REVERSED ON GROUND DEFENDANT HAD NOT BEEN PROSECUTED IN COUNTY OF CRIME.

Where upon trial in the county of New York of an indictment in two counts, one of them charging defendant with larceny and the other with receiving stolen property, it appears that an automobile was stolen in the county of New York and a few days later sold in the county of Kings by the defendant and the jury acquits defendant of the larceny but convicts him of criminally receiving stolen property, a reversal by the Appellate Division upon the ground that the only evidence of the latter crime was of an offense committed in the county of Kings and that the defendant could be prosecuted therefor only in that county was proper. Larceny and criminally receiving stolen property are distinct and independent crimes. The defendant having been found innocent of the larceny which was committed in New York there is no basis for the conclusion that his possession had a beginning in any county except Kings.

People v. Spivak, 206 App. Div. 739, affirmed.

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered June 1, 1923, which reversed a judgment of the Court of General Sessions of the Peace in the county of New York, rendered upon a verdict convicting the defendant of criminally receiving stolen property and granted a new trial.

*Joab H. Banton, District Attorney (Felix C. Benvenga* and *Michael Ford* of counsel), for appellant. The crime of receiving stolen property is committed in the county where the property is received, and not elsewhere, and, in the absence of statutory

provision to the contrary, the offense must be prosecuted and punished in that county.    (State v. Pray, 30 Nev. 206; State v. Rider, 46 Kan. 332; Clark's Crim. Pro. [2d ed.] 16, 17.) If, however, the stolen property is received by the defendant under an arrangement that it is to be stolen in one county and shipped to him in another county, a prosecution for larceny or receiving may be maintained in the county in which it was stolen.    (State v. Habib, 18 R. I. 558; People v. Licenziato, 199 App. Div. 106; Code Cr. Pro. § 134.)    The venue was properly laid in New York county, and the trial court was justified in submitting both counts to the jury.    A verdict for either crime was proper.    As it is, the jury saw fit to convict of receiving.    (People v. Dowling, 84 N. Y. 478; People v. Webster, 139 N. Y. 73; Reg. v. Langmead, 9 Cox C. C. 464; People v. Weldon, 111 N. Y. 569.)

*Harry Kopp* for respondent.    The court had no jurisdiction to submit the receiving count to the jury.    (People v. Zimmer, 174 App. Div. 470; 220 N. Y. 597.)

CARDOZO, J.:

An automobile was stolen in the county of New York.    It was sold a few days later at a garage in the County of Kings. The defendant, having made the sale, should have explained the origin of his possession (People v. Galbo, 218 N. Y. 283, 290).    The explanation which he gave was false.    An indictment found against him in the County of New York is in two counts, one of them for larceny, and the other for receiving stolen property.    The jury, having received the case on both counts, acquitted the defendant on the first, and convicted him on the second.    The Appellate Division reversed upon the ground that the only evidence of the offense of criminally receiving was evidence of an offense committed in the County of Kings.

Larceny and criminally receiving stolen property are distinct

and independent crimes (People v. Zimmer, 174 App. Div. 470; aff'd., 220 N. Y. 597). The defendant has been found to be innocent of the larceny, which was committed in New York (cf. R. v. Langmead, 9 Cox C. C. 464; People v. Galbo, *supra*). With this finding, we see no basis for the conclusion that his possession had a beginning in any county except Kings. To hold otherwise would mean that receiving in New York might be inferred from possession by the receiver in Philadelphia or Chicago. We know that the defendant had possession in the county of the sale. If participation in the larceny be excluded, we have no reason to believe that he had possession anywhere else. Conjecture has supplanted inference in the finding of the verdict.

A ruling that evidence of possession in Kings is not equivalent, without more, to evidence of earlier possession in New York, does not mean that evidence of earlier possession in New York would overcome the effect of continued possession in Kings. A person who steals property in one county and carries it into another may be prosecuted in either (Haskins v. People, 16 N. Y. 344, 348, 349). The theory is that " the legal possession of the goods remains in the true owner, and every moment's continuation of the trespass and felony amounts to a new caption and asportation " (Haskins v. People, supra). There has been a corresponding extension of jurisdiction of the offense of criminally receiving. The Revised Statutes declared the rule that the receiver of stolen goods " may be indicted, tried and convicted in any county where he received or had such property, notwithstanding such theft was committed in another county " (2 R. S. 726, § 43). The revisers' note is that this provision was adopted " in analogy to the rule which allows a prosecution for theft in any county where the stolen goods shall be carried " (Wills v. People, 3 Parker's N. Y. Criminal Reports, 473, 501). A like jurisdiction is preserved, though in different words, by the statute now in force (Penal Law, § 1308). One who " buys or receives any stolen property "

knowing it to have been stolen, is guilty of a crime, but so also is one who, with like knowledge, " conceals, withholds or aids in concealing or withholding."

The defendant has not been prosecuted in the county of the crime (People v. Zimmer, supra.)

The order should be affirmed.

HISCOCK, Ch. J., POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ., concur).

Order affirmed.