## COURT OF APPEALS.

### February 26, 1924.

### THE PEOPLE v. WILLIAM KUPPERSCHMIDT.

#### (237 N. Y. 463.)

CRIMINALLY RECEIVING STOLEN PROPERTY—THIEF WHO DELIVERS STOLEN GOODS TO A RECEIVER WHO TAKES WITH GUILTY KNOWLEDGE CONCERNED AS ACCOMPLICE IN THE COMMISSION OF LATTER'S CRIME—RECEIVER MAY NOT BE CONVICTED OF CRIMINALLY RECEIVING STOLEN PROPERTY ON UNCOR-ROBORATED EVIDENCE OF THIEF WHO DELIVERS IT.

Under section 2 of the Penal Law, one who aids and abets another in the commission of a crime is a principal, whether he has been pre-viously guilty of an independent crime or not. The receiver of stolen goods cannot take with guilty knowledge unless aided therein by the act of the thief in delivering. The latter is, therefore, an accomplice con-cerned in the crime of receiving as a principal and the receiver may not be convicted of criminally receiving stolen property on his uncorroborated evidence under section 339 of the Code of Criminal Procedure.

People v. Kupperschmidt, 197 App. Div. 675, reversed.

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered July 8, 1921, which affirmed a judgment of the Court of General Sessions of the Peace in the county of New York, rendered

upon a verdict convicting the defendant of criminally receiving stolen property in the first degree.

*George Z. Medalie* for appellant. Topper was an accomplice. (People v. Ammon, 92 App. Div. 205; People v. Weisenberger, 73 App. Div. 428; People v. Rivallo, 39 App. Div. 454; People v. Hyde, 153 App. Div. 618; People v. Cook, 5 Park. Cr. Rep. 351; People v. Ansteth, 84 Misc. Rep. 356; People v. Markus, 168 App. Div. 184; People v. Kudon, 173 App. Div. 342; People v. Willard, 159 App. Div. 19.)

*Joab H. Banton, District Attorney (Felix C. Benvenga* of counsel), for respondent. The thief is not an accomplice of the receiver. (People v. Zimmer, 174 App. Div. 470; 220 N. Y. 597; People v. Pollack, 154 App. Div. 716, 722; 209 N. Y. 541; People v. Kerns, 7 App. Div. 535; People v. Brien, 53 Hun, 496; People v. Dunn, 53 Hun, 381; People v. Bright, 203 N. Y. 73; People v. Sweeney, 213 N. Y. 37; People v. Swersky, 216 N. Y. 471; People v. Richardson, 222 N. Y. 103; People v. Zucker, 20 App. Div. 363, 154 N. Y. 770; People v. Hyde, 156 App. Div. 618.)

POUND, J.:

Penal Law, section 2, defines " principal " as follows:

" Principal. A person concerned in the commission of a crime, whether he directly commits the act constituting the offense or aids and abets in its commission, and whether present or absent, and a person who directly or indirectly counsels, commands, induces or procures another to commit a crime, is a ' principal.' "

Code Criminal Procedure, section 399, provides:

" A conviction cannot be had upon the testimony of an accomplice, unless he be corroborated by such other evidence as tends to connect the defendant with the commission of crime."

The conviction herein on a charge of receiving stolen goods. was had on the uncorroborated evidence of the thief.

The question is whether the thief who delivers stolen goods to a receiver, who takes with guilty knowledge, is an accomplice of the receiver. The fact that the receiver is not in the absence of prior accessorial acts an accomplice of the thief in the larceny is irrelevant. The crimes of larceny and receiving are separate, distinct offenses. (Penal Law, § 1308; People v. Zimmer, 174 App. Div. 471, 473; affd., 220 N. Y. 597.)

The test is whether the alleged accomplice can be indicted for the offense. Sometimes as in prosecutions for abortion, the co-participant is regarded as the victim rather than the perpetrator of the crime (Dunn v. People, 29 N. Y. 523, 527), or as in the illegal sale of intoxicating liquors, it is said that the person making the sale is the only one declared by the law to be criminal. (People v. Smith, 28 Hun, 626; affd., 92 N. Y. 665.) But under the Penal Law, section 2, one who aids or abets another in the commission of a crime is a principal, whether he has been previously guilty of an independent crime or not. The receiver cannot take with guilty knowledge unless aided therein by the act of the thief in delivering.

If the proper test is not whether the alleged accomplice is indictable for the same offense, but whether he has taken a guilty part in the commission of the crime (McLaughlin, J., in People v. Hyde, 156 App. Div. 618, 624), the same result is reached. Is the act of the thief in delivering the stolen goods to the receiver under such circumstances as convey the knowledge that they were stolen, an innocent act? It is said that one cannot receive goods which he has himself stolen. Literally, but not in a legal sense, this may be true, but he is none the less " concerned in the commission of the crime " of receiving, and, therefore, a principal. (Penal Law, § 2.) We are dealing with the legislative definition of guilty participation, not with the common meaning of words.

In perhaps a majority of the jurisdictions which have passed

upon the question, the rule is that the thief is not an accomplice of the receiver within the rule requiring corroboration of the evidence of an accomplice. (Leon v. State, 21 Ariz. 418, 9 A. L. R. 1393, and note.) These decisions rest on the assumption that because larceny and receiving are separate offenses the thief cannot be indicted for receiving. They disregard the New York definition of principal.

While no controlling case in this court is found, the weight of authority below is in favor of the contention of the appellant. Some doubt was cast *ad arguendo* on the rule that the thief is an accomplice of the receiver in People v. Ammon (92 App. Div. 205). In People v. Weisenberger (73 App. Div. 428); People v. Markus (168 App. Div. 184), and People v. Pindar (159 App. Div. 12) it was assumed without discussion that corroboration was necessary. In People v. Kudon (173 App. Div. 342) it was baldly said: " If the defendant was guilty of the crime charged the thieves were accomplices."

In People v. Levine (140 App. Div. 910), a like case, Werner, J., denied a certificate of reasonable doubt. In his unreported memorandum he said that the receiver was not connected with the larceny in any way. It does not follow that the thief was not connected with the receiving in any way. The appeal was dismissed for failure to file the return (208 N. Y. 578). In this case the court said in charging the jury that corroboration was not required because the crimes were different. *Non sequitur.* The charge was erroneous.

The judgment should be reversed and a new trial ordered.

HISCOCK, Ch. J., CARDOZO, McLAUGHLIN, CRANE, ANDREWS and LEHMANN, JJ., concur.

Judgment reversed, etc.