## Commonwealth v. Zavada

*B. B. Lewis* and *Max Rosenn*, for Commonwealth.

*F. M. Mackin*, for defendant.

VALENTINE, J., July 12, 1935.—At the election held in November 1931 the respondent, John Zavada, was elected to the office of councilman of Exeter Borough and duly qualified and assumed the duties of said office. On August 23, 1934, the respondent, to no. 492, September sessions, 1934, in the Court of Quarter Sessions of Luzerne County, was indicted for the crime of receiving stolen goods, knowing the same to have been stolen, to which indictment he, on October 2, 1934, entered a plea of non vult contendere. On December 4, 1934, sentence upon said respondent, and the others indicted with him, was imposed as follows:

"Each to pay the costs of prosecution, pay a fine of fifty dollars to the Commonwealth, restore the property stolen, if not already restored, or pay the value thereof to the owner, and undergo an imprisonment in Luzerne county prison for an indeterminate period for a minimum term of one year and a maximum term of two years, and that they stand committed until this sentence is complied with."

Relator contends that the respondent became disqualified to hold the office of councilman, under article II, sec. 7, of the State Constitution, providing:

"No person hereafter convicted of embezzlement of public moneys, bribery, perjury or other infamous crime, shall be eligible to the General Assembly, or capable of holding any office of trust or profit in this Commonwealth."

That a sentence following the entry of a plea of non vult contendere constitutes a conviction is, we think, undoubted. A judgment of conviction follows upon such plea as well as upon a plea of guilty: Commonwealth v. Ferguson, 44 Pa. Superior Ct. 626.

The controlling question is whether the crime of which respondent was convicted is an infamous crime within the meaning of those words as embodied in the constitutional provision. The words "infamous crime" may be used with reference to the character of the offense, or with reference to the punishment to be meted out to the offender.

The Federal courts have determined that an infamous crime within the meaning of that term as used in the fifth amendment to the Federal Constitution depends upon the nature of the punishment attached to it, and have held that a crime punishable by imprisonment for a term of years at hard labor is an infamous crime: Ex Parte Wilson, 114 U. S. 417; United States v. Petit, 114 U. S. 429; and that the character of the crime as being infamous does not depend on whether the punishment awarded is an infamous one but whether it is in the power of the court to award an infamous punishment, or whether the accused is in danger of being subjected to an infamous punishment: Ex Parte Wilson, supra, 426; Butler et al. v. Wentworth, 84 Me. 25, 24 Atl. 456.

In this State the offense of receiving stolen goods is a statutory felony and punishable by separate or solitary confinement at labor not exceeding three years: Act of April 23, 1909, P. L. 159, sec. 1; Act of March 31, 1860,

P. L. 382, sec. 103; but the nature of the offense and not the punishment is the test in Pennsylvania: Schuylkill County v. Copley, 67 Pa. 386; Bailey v. Bailey, 12 Dist. R. 37. See also Commonwealth v. Shaver, W. & S. 338. At common law all felonies were infamous, but at common law the crime of receiving stolen goods was but a misdemeanor: People v. Reynolds, 2 Mich. 422; People v. Zimmer, 174 App. Div. 470, 160 N. Y. Supp. 459. It is true that in determining what are actionable words the term "infamous crime" has been construed in this State in a wider and more general popular sense as involving moral turpitude and subjecting the offender to a disgraceful punishment: Davis v. Carey, 141 Pa. 314; but we think the limitation of infamous crimes in this State, within the meaning of the Constitutional provision under consideration, does not extend beyond treason, common-law felonies and all species of the crimen falsi, such as forgery, perjury, subornation of perjury and similar crimes, and does not include the offense of receiving stolen goods.

Demurrer sustained and judgment entered for the respondent.