THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* BEN FEIN and ABE COHEN, Appellants, et al., Defendants.

Argued November 22, 1943; decided January 13, 1944.

*Harry G. Anderson* and *Samuel Bader* for Ben Fein, appellant. There was no evidence to show that the crime was committed in whole or in part in the county of New York, hence it was reversible error for the trial court to deny the motion to dismiss the indictment at the close of the case. (*People* v. *Zimmer,* 174 App. Div. 470, 220 N. Y. 597; *People* v. *Spivak,* 237 N. Y. 460; *People* v. *McClean,* 243 App. Div. 578; *People* v. *Werblow,* 241 N. Y. 55.)

*Patrick F. Dempsey, Peter E. Loscalzo* and *Francis E. Volz* for Abe Cohen, appellant. The trial court had no jurisdiction to submit the count of concealing and withholding to the jury. (*People* v. *Zimmer,* 174 App. Div. 470, 220 N. Y. 597; *People* v. *Spivak,* 237 N. Y. 460; *Allison* v. *Commonwealth,* 83 Ky. 254; *State* v. *Pray,* 30 Nev. 206; *People* v. *Staken,* 40 Cal. 599; *State* v. *Rider,* 46 Kan. 332; *Rasch* v. *State,* 5 Cold [Tenn.] 39; *Commonwealth* v. *O'Neil,* 10 Penn. Dist. 227; *Commonwealth* v. *Kunzman,* 41 Penn. St. 429; Derby on Criminal Law 3d ed., § 1930, subd. 1; *People* v. *Werblow,* 241 N. Y. 55.)

*Frank S. Hogan, District Attorney* (*Bernard L. Alderman* of counsel), for respondent. I. The crime was committed in New York county. Actual manual or personal possession of stolen goods is not necessary to prove criminal concealment and withholding — constructive possession is sufficient. (*United States* v. *Le Fanti,* 255 F. 210, 259 F. 460; *People* v. *Rossi,* 15 Cal. App. 2d 180; *People* v. *Silvas,* 34 Cal. App. 638; *People* v. *Poncher,* 358 Ill. 73; *People* v. *Jurek,* 357 Ill. 626; *State* v. *Conklin,* 153 Iowa 216; *Commonwealth* v. *Kuperstein,* 207 Mass. 25; *Price* v. *State,* 9 Okla. Crim. 359; *Zeff* v. *State,* 98 Tex. Crim. 623; *Longman* v. *Commonwealth,* 167 Va. 461; 53 C. J. 505; *People* v. *Cosmides,* 133 App. Div. 103, 198 N. Y. 566.) II. Constructive possession in New York county was further shown by **Fein's**

actual possession of the original invoices. (*People* v. *Silvas,* 34 Cal. App. 638; *Glasser* v. *State* [1921], 90 Tex. Crim. 116; *People* v. *Dowling,* 84 N. Y. 478.)

LEWIS, J. On the night of March 7, 1941, a sealed truck containing women's wearing apparel of value in excess of $5,000 was stolen from a garage in New York County. Although the truck was found the following day, empty and abandoned, the identity of the thieves was not established. Five days later police officers assigned to the case entered a garage in the borough of Brooklyn, Kings County, where they found concealed under a tarpaulin a quantity of wearing apparel which was later identified as the contents of the stolen truck.

A grand jury in *New York County* thereafter returned an indictment which by four counts charged each of seven defendants named therein with (1) grand larceny in the first degree, (2) criminally buying and receiving stolen property, (3) criminally concealing and withholding stolen and wrongfully acquired property, and (4) conspiracy. The defendant John Doē was never apprehended. Of the remaining six defendants named in the indictment all except the two present appellants pleaded guilty to one of the several counts and were not subjected to further prosecution.

At a trial had in the Court of General Sessions, where the two appellants were convicted under the third count, their right to challenge the jurisdiction of the trial court was preserved by timely and appropriate motions. That challenge — reasserted on this appeal — was directed to the authority of the Court of General Sessions of New York County to render judgment upon an indictment which charged the appellants with having criminally concealed and withheld stolen property " *in the County of New York* ", when concededly the evidence established that the physical acts of concealment and withholding occurred in Kings County. At the Appellate Division the judgment of conviction has been affirmed. The case is here on appeal by permission of a member of this court. (Code Crim. Pro., § 520.)

When the trial of the indictment against the appellants was moved in the Court of General Sessions of the County of New York — which court has jurisdiction to try " all crimes cognizable within said county " — the sufficiency of the indict-

ment and the power of the court to try the appellants depended upon proof that the crime charged had been committed in New York County. (Code Crim. Pro. § 51, subd. 1, and § 284, subd. 4; and see *People* v. *Spivak,* 237 N. Y. 460, 462, 463; *People* v. *Zimmer,* 174 App. Div. 470, affd. 220 N. Y. 597; *People* v. *Horton,* 62 Hun, 610.)

It is the People's submission before us that, although the physical concealment and withholding of the stolen merchandise took place in Kings County, the appellants were properly indicted and tried in New York County and their guilt of criminally concealing and withholding stolen property was legally established by proof that they exercised in New York County such domination and control over the stolen merchandise concealed in Kings County as to amount to *constructive* possession of the property in New York County.

To sustain the conviction of the appellants the People rely upon evidence which is said to have established that they conducted operations from Fein's office in New York County which enabled them to exert control and domination over the stolen merchandise in Kings County.

True, there is evidence of operations by the appellants in New York County in furtherance of their efforts to arrange *a sale* of the stolen merchandise. Long distance telephone calls and telegrams brought prospective purchasers from Texas to Fein's office in New York County where conferences were had and prices for the stolen merchandise were considered. Arrangements were also made in New York County to inventory the stolen property in Kings County and to secure packing cases preparatory to its shipment. But such evidence does not amount to legal proof of the independent substantive crime charged in the third count of the indictment of which the appellants stand convicted — that they concealed and withheld or aided in concealing and withholding the stolen merchandise "*in the County of New York*".

In reaching that conclusion we have applied to facts of record here the test suggested in *People* v. *Werblow* (241 N. Y. 55, 61): Were the proven acts committed in New York County by either Fein or Cohen, so related to the crime of concealing and withholding stolen property (Penal Law, § 1308) that, if nothing

more had followed, their acts would have amounted to an attempt to commit that crime? The People's evidence does not meet that test. Nor is it enough, in the absence of statutory sanction for such a ruling, that there is evidence of the exercise by the appellants in New York County of control and dominion over the stolen merchandise then concealed in Kings County which, it is claimed, amounted to constructive possession of the merchandise in New York County. Long ago in this State " * * * the abolition of all common-law crimes was accomplished not alone for the advantage of those individuals who might be charged with offenses but also for the benefit of the people of the State." (*People* v. *Brengard,* 265 N. Y. 100, 107; and see *People* v. *Jaehne,* 103 N. Y. 182, 192, 193.) No act committed within this jurisdiction is criminal except as prescribed by statute. (Penal Law, § 22.) If evidence of constructive possession of stolen property is to constitute legal proof of criminal concealment and withholding within section 1308 of the Penal Law, the process by which that rule may be established is legislative, not judicial.

The judgments should be reversed and the indictment dismissed.

LEHMAN, Ch. J., LOUGHRAN, RIPPEY, CONWAY, DESMOND and THACHER, JJ., concur.

Judgments reversed, etc.