Kimball, J.
The appellant was indicted by a Grand Jury in Monroe County for the crime of murder in the first degree. The indictment charged him with the killing of his wife in that county. He was tried in the Monroe County Court and the jury has found him guilty of murder in the second degree for which he has received a sentence of not less than fifty years to life. The death of the wife by two .25 calibre bullets has been established by direct evidence. Her body containing the bullets was found in the Genesee River within the county of Monroe. The evidence connecting the defendant with the homicide is circumstantial. It was established that the wounds were not self-inflicted and that death was not the result of drowning. It is unnecessary for our purpose to recount the circumstances which were proved from which the jury has found that the defendant shot and killed his wife. All that needs be said is that the verdict is supported by sufficient evidence. This court is not called upon, on this appeal from the judgment of conviction to comment further upon the verdict of the jury since the appellant has raised, on appeal, only questions of law pertaining to alleged errors committed upon the trial. It is for this court to determine not whether the defendant was guilty or innocent of the crime of murder, but whether there were errors of law during the course of the trial and if there were such, whether they were errors affecting the substantial rights of the defendant which are guaranteed to every person charged with a felony under the laws of this State. If there were errors in the course of the trial which did affect these substantial rights of this defendant and he was prejudiced thereby, this court has no alternative but to reverse the judgment and order a new trial, without regard to the guilt or innocence of the defendant. In such case, the law is plain. “ However clear the guilt of the defendant may appear to be, it is our duty to reverse the judgment of conviction and order a new trial, not in the exercise of our discretionary power, but in obedience to the command of law.” (People v. Bonier, 179 N. Y. 315, 325.)
The first error assigned by the appellant is in relation to the law given to the jury by the court on the question of venue. *313 The court, after reading the indictment to the jury, by which the defendant was charged with murder committed in the county of Monroe, charged the jury as follows :
“ In view of the wording of this indictment, I desire to state to you at the very outset that if you come to the conclusion during the course of your deliberations, beyond a reasonable doubt, as that term will be defined for you, that this defendant fired the fatal shots which caused the death of his wife, it makes no difference as to where those shots were fired, in view of the evidence that has been presented during the course of this trial.
“ The finding of the body of the deceased, in the condition in which it was found within the confines of the County of Monroe, is sufficient as a presumption of law that the shots were fired in the County of Monroe, so as to give to this court and to you, the members of this jury, jurisdiction of the crime for which this defendant has been indicted by the G-rand Jury of Monroe County.”
Exception to this portion of the court’s charge was duly taken and the court was requested to charge the jury “ that they must find as a fact in this case that this killing occurred in the County of Monroe before they can find a conviction.” The court declined to charge as requested and an exception was duly taken.
We hold that the charge as given and the refusal to charge as requested constituted error and that such error may not be regarded as a technical error or as one which did not affect the substantial rights of the defendant under section 542 of the Code of Criminal Procedure. It is elementary that the burden of proving the allegations in the indictment was upon the People and that there was no burden whatsoever upon the defendant to prove or disprove anything. By pleading not guilty, the defendant denied every material allegation in the indictment. (Code Crim. Pro., § 338.) The locus of the crime had to be established in the county of Monroe where the indictment was found and where the trial took place. (Code Crim. Pro., § 252.) If it had eventuated upon the trial that the killing took place in some other county, the court would have been without jurisdiction to proceed to judgment. A person charged with a crime must be indicted and tried in the county where the crime was committed, except in those instances where the Legislature has made exceptions, by statute, to that ancient rule of the common law. The common-law rule is here controlling and the case does not fall within any of the statutory exceptions. Black *314 stone wrote (Commentaries, 11th Ed., 1791, Book IV, p. 305): “ But, in general, all offences must be inquired into as well as tried in the county where the fact is committed ”. In People v. Mather (4 Wend. 229, 259) it was said: “ There is no proposition better established than that the venue in a criminal case must be laid in the county where the offence was committed ”. The common-law rule has always been recognized by the Legislature by reason of the fact that it has enacted statutes making exceptions to the rule (Code Crim. Pro., §§ 134,135,135-a, 135-b, 136, 136-a, 137, 138). The rule has always been recognized by the courts of this State (Larkin v. People, 61 Barb. 226; Manley v. People, 7 N. Y. 295; Mack v. People, 82 N. Y. 235; People v. Hudson Valley Constr. Co., 217 N. Y. 172; People v. Spivak, 237 N. Y. 460; People v. Fein, 292 N. Y. 10; People v. Zimmer, 174 App. Div. 470; People v. Kastel, 221 App. Div. 315, affd. 250 N. Y. 518; People v. Cosmides, 133 App. Div. 103, affd. 198 N. Y. 566; People v. Mitchell, 49 App. Div. 531; People v. Horton, 62 Hun 610). In the Fein case (292 N. Y. 10, 12-13, supra) Judge Lewis said “ the sufficiency of the indictment and the power of the court to try the appellants depended upon proof that the crime charged had been committed in New York County.” It was incumbent, therefore, in this case, that the People establish that the defendant killed his wife within the county of Monroe. It was reversible error to charge the jury that “ it makes no difference as to where those shots were fired ”.
We also hold it was reversible error to charge the jury that the finding of the body “ within the confines of the County of Monroe, is sufficient as a presumption of law that the shots were fired in the County of Monroe * * # ”. The court, by that charge, took away from the jury a question of fact which was for the jury to resolve and we think that there is no presumption of either law or fact as to the locus of the crime, arising from the finding of the body within the county in which the indictment was found. While we do not think that the courts of this State have directly held that venue is a question of fact for the jury, the great weight of authority is to that effect. Logically it could not be otherwise. The question as to where a person is shot and killed could not, by any line of reasoning, be held to be a question of law. A fact question is for the jury (People v. Ferrara, 199 N. Y. 414).
We are cited to no case and we have found none where a court has held that the question of the place of the crime is one *315 of law for the court. (To the contrary, see Commonwealth v. Costley, 118 Mass. 1; Commonwealth v. Knowlton, 265 Mass. 382; Commonwealth v. Mull, 316 Pa. 424; People v. Megladdery, 40 Cal. App. 2d 748, and People v. Watson, 307 Mich. 596.)
Many other States have held likewise. In fact, the respondent states in its brief that it does not disagree ‘1 with the general rule that venue must be found as a matter of fact ” but argues that a different rule should apply to this case. Respondent apparently takes the position that there was some duty or burden upon the defendant to show that, if he killed his wife, he did so in some county other than Monroe County. We think that People v. Hillman (246 N. Y. 467) is authority for the rule that the question of venue, i.e., the locus of the crime, is one of fact for the jury. It was there said: ‘ ‘ Where there is a dispute as to the place where a crime was committed, a question of fact may be presented upon which the jury must pass.” (P. 473.) In the instant case, there being no direct evidence of the locus of the crime, a question of fact was presented for the jury to determine from all the relevant evidence. Proof of the place of the crime may, of course, be made by circumstantial evidence as in the case of any other question of fact. Here such proof, necessarily, was of a circumstantial nature. The jury could have drawn the inference that the killing was done in Monroe County from the fact that the body was found in the Genesee River and within the boundaries of the county, taken together with any other evidence which was relevant to that issue.
We cannot agree, however, that the finding of the body raises any presumption of either law or fact that the killing was committed in the county where the body was found. The courts of other States have not agreed as to whether the People must establish the venue beyond a reasonable doubt, by a preponderance of the evidence or merely that the jury must find the venue as a fact. The locus of the crime is not a' part of the crime itself, and, as we view it, need not be proved beyond a reasonable doubt. We adopt the rule expressed in American Jurisprudence (Vol. 20, Evidence, § 1220) which is: “ The proof is sufficient if, from all the facts and circumstances introduced in evidence, venue may be fairly and reasonably inferred. If, from the facts in evidence, the only rational conclusion which can be drawn is that the crime was committed in the state and county alleged, the proof is sufficient.” The appellant’s request to charge was in accordance with the above rule and the refusal to so charge was reversible error.
*316 The second alleged error was the receipt in evidence of a leather holster which was picked np near the place where the body of the deceased was found. One of the witnesses for the People testified that he had seen a holster back of the seat of defendant’s automobile some months before the homicide and that he had not again seen it until he came to testify on the trial. The holster was marked as an exhibit and on question of the District Attorney, he said he would say it was the one he saw in the car. It was then offered in evidence. Defendant’s counsel asked for a preliminary examination which was refused. The court then asked the question “ If it isn’t the actual one you saw at that time, is it your opinion it was similar to the one the District Attorney just showed you? ” The witness answered: “ Yes, similar ”, and the holster was received. Appellant took an exception. Upon cross-examination, the witness testified more than once that he could not say it was the same holster; that he did not know; that his glance at it in the car was hurried and it was impossible for him to say it was the same one. Appellant moved, at the close of the plaintiff’s case, to strike the exhibit from the record. The motion was denied and exception taken. No other evidence was offered by the People to show that the exhibit belonged to the defendant or that he was ever in possession of it, except some testimony that the holster in evidence would accommodate a .25 calibre automatic. No gun was ever found and there is nothing in the record to show that defendant ever owned a gun. In spite of the fact that the holster in evidence was never identified as being in the defendant’s possession or as being the one seen in the back of the car some months before, the District Attorney in his summation, told the jury: “ It is clear that in October 1948 this defendant was in possession of that holster and that without question it includes the gun (Italics supplied.)
It was reversible error to receive in evidence the unidentified holster and then for the District Attorney to argue it was the property of the defendant and that there was a gun too. (People v. Jackson, 291 N. Y. 451; People v. Woltering, 275 N. Y. 51; People v. Kinney, 202 N. Y. 389.) The receipt in evidence of this unidentified holster was most prejudicial since the jury might have drawn the inference that the defendant was on the bank of the Genesee River in Monroe County and that he had a gun with which he killed his wife in that county. No such inference could so be drawn lacking the direct proof that the exhibit was the same as that seen in defendant’s car.
*317 A third assignment of error was the use and reading to the jury of an article in the Saturday Evening Post by a contributor who related results and conclusions of a doctor on the so-called paraffin-nitrate test. No such test was made of defendant’s hands and the whole matter was irrelevant and incompetent. The District Attorney brought up the subject of the test upon the examination of a member of the police department. On his cross-examination, defendant’s counsel read from a textbook on the subject and on redirect examination, the Saturday Evening Post was read, apparently to contradict the textbook. It was error to permit the reading of either the textbook or the article.
The defendant claims error in receiving a certain envelope without the contents and error in statements of the District Attorney upon summation. If there was error in respect to either of these matters, we do not deem it of such importance as to require a reversal and think the error could be disregarded as not affecting the defendant’s substantial rights.
We have considered the appeals from the intermediate orders and find no substantial errors in regard thereto.
For the reasons stated, the judgment of conviction and the order denying a new trial should be reversed and a new trial had. The intermediate orders appealed from should be affirmed.
All concur. Present — Taylor, P. J., McCurn, Love, Kim-ball, and Piper, JJ.
Judgment of conviction and order denying motion for a new - trial reversed on the law and a new trial granted. Intermediate orders affirmed.