THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EARL F. BARSH, Appellant.— Appeal by defendant from a judgment of the County Court of Queens County, convicting him of criminally receiving, withholding and concealing stolen property, as a felony, and sentencing him to imprisonment, and from orders denying motions in arrest of judgment and to set aside the verdict and for a new trial. Judgment and orders reversed on the law and new trial ordered. This court has reviewed the facts and is satisfied with the judgment in that respect. The defendant was charged by the first count of the indictment with criminally receiving in Queens County specified articles of personal property. In the second count he was charged with criminally receiving in said county two fuel injection pumps. In the third count he was charged with grand larceny in the first degree in that he received from El–Al Israel Airlines $2,600 for the sale to it of the afore-mentioned pumps which he had represented to be his property. The jury acquitted him of the first and third charges. At the end of the People's case, on motion of the District Attorney and over defendant's objection, the second count was amended so as to charge that the defendant "withheld and concealed" in addition to having received the pumps. When the amendment was allowed the proof established that the actual receipt of the pumps by the defendant was in the State of New Jersey, which was some time prior to the time they had been brought into the county of Queens. On the evidence the jury could find that the defendant personally or by his agent brought the pumps into Queens County. By reason of the provisions of section 1301 of the Penal Law, he could be charged with the commission in Queens County of the felony of criminally receiving stolen property. Nevertheless, the actual receipt of the pumps by the defendant was in the State of New Jersey, and any act of withholding or concealing in Queens County was independent of the receiving. By section 275 of the Code of Criminal Procedure, an indictment is required to state the act which constitutes the crime charged. By the provisions of sections 295-b and 295-c of the Code of Criminal Procedure, the crime may now be charged by name if it has a name or by its description as given by statute. The second count, as found by the Grand Jury, charged criminal receiving only and the act constituting the crime was stated to be that the defendant "received" the pumps. In 1928, section 1308 of the Penal Law was amended. Prior thereto the felony therein declared to be committed by specified acts was "namely, of criminally receiving such property". Since that amendment, withholding and concealing stolen property has been held to constitute an independent substantive crime. (*People* v. *Fein,* 292 N. Y. 10.) The amendment permitted at trial, therefore, added matters of substance to the count which charged that the defendant received the property. The acts permitted to be added were not part of the transaction of receiving, and were not embraced within the charge of receiving. The amendment was, therefore, improperly allowed. (*People ex rel. Wachowicz* v. *Martin,* 293 N. Y. 361.) Nolan, P. J., Carswell, Adel, Wenzel and MacCrate, JJ., concur.