■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. STANLEY WIECZOREK, Appellant.— Judgment of conviction unanimously reversed on the law and facts and a new trial granted. Memorandum: The defendant-appellant was convicted of criminally receiving stolen property, as a felony, in Niagara County. Part of the goods claimed to have been stolen was recovered at the home of the appellant's mother in Erie County where the appellant left them on the day following the burglary and where the appellant sometimes stayed. When arrested, the appellant was visiting his wife in Niagara County and a

polaroid camera, claimed to be one of the items stolen, was found lying openly on the front seat of his automobile. Later a print coater for polaroid film was found in the appellant's room in Niagara County. Since the value of the property found in Niagara County was less than $100, the conviction as a felony may be sustained only if the jury was justified in finding that the goods discovered in Erie County were received in Niagara County. Receiving is a local offense and must be tried in the county where the receipt took place. (*People* v. *Zimmer*, 174 App. Div. 470, affd. 220 N. Y. 597; *People* v. *Spirak*, 237 N. Y. 460, affg. 206 App. Div. 739.) In *Wills* v. *People* (3 Park. Crim. Rep. 473) attempted sale of stolen goods by sample from a pawnshop was held to justify an inference that criminal receipt took place in the county where the attempted sale and defendants' place of business were, although the bulk of the goods were recovered in another county. However, more proof of the theft and proof of possession in a jurisdiction other than that of the prosecution is not sufficient (*People* v. *Fein*, 292 N. Y. 10). Where there has been acquittal of the larceny and all that remains is proof of possession in another jurisdiction, there is no basis for the inference that receipt took place in any other jurisdiction than that where the goods were found (*People* v. *Spivak*, 237 N. Y. 460). Here, after acquittal on counts of burglary and larceny, all that remained was the discovery of one camera in the appellant's automobile which was temporarily parked in the street in front of his wife's home. Any inference therefrom that all of the property had been received in Niagara County is speculative and too remote. (Appeal from judgment of Niagara County Court convicting defendant of the crime of criminally receiving stolen property, a felony.) Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.