Keating, J. (concurring).
I concur in the result reached by the majority, because I believe that the charge on voluntariness was improper; I cannot agree with the court’s conclusion that the statements made with regard to the theft of the property in Suffolk County should be excluded merely because counsel had been assigned to represent him on the charge of receiving stolen property in New York City.
The crimes of receiving stolen property and larceny—and burglary—are “ separate, distinct offenses ” (People v. Kupperschmidt, 237 N. Y. 463, 465; see, also, People v. Cefaro, 21 *252 N Y 2d 252, decided herewith). And the mere fact that counsel may have been appointed to represent the accused in one county on a charge of receiving stolen property should not prevent questioning by law' enforcement officials in another county with regard to the theft. As long as the admissions are used only in the prosecution of the latter crime, defendant’s constitutional rights are not violated. (Cf. People v. Stanley, 15 N Y 2d 30, 32.)
The majority, in effect, holds that, once counsel is appointed to represent an accused for a particular crime or if a criminal is sufficiently well off to have permanent retained counsel, the police may not question him with regard to any crime. This holding is unwarranted as it is unprecedented. I cannot agree.
Judges Van Voorhis, Burke, Bergan and Breitel concur with Chief Judge Fuld; Judge Keating concurs in a separate opinion in which Judge Scileppi concurs.
Judgment reversed, etc.