■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. PAUL BROWN, Appellant.— GABRIELLI, J. Appeal from a judgment of conviction of the County Court, Cortland County entered following a verdict of guilty of the crime of grand larceny, second degree, in violation of section 1293-a of the Penal Law. While the defendant does not question either the weight or sufficiency of evidence that the automobile involved was being operated without the owner's consent, he raises as the only issue, the sufficiency of the evidence as to whether the defendant was the person who had operated the car. Although the evidence is clear that he was the only person seen in the car, he contends that such evidence is as consistent with his being a passenger therein as it is that he was its operator. The record clearly shows that this contention is untenable. The

car had been driven upon the lawn of the witness Crozier and hit a telephone pole shearing it off. Immediately thereafter Mrs. Crozier came out of her house, went to the car, the doors of which were closed, ,and saw the defendant on the floor of the front seat with his head toward the passenger side of the car. A few moments later, two troopers arrived on the scene and saw the defendant who had then left the car. The defendant erroneously claims that the proof in the case shows he could have been a passenger in the car and that the circumstantial evidence produced by the People was insufficient to sustain a conviction. The defendant did not testify nor did he produce any evidence in his behalf and, in fact, the record is barren of any evidence that anyone else was in or around the car at the time it struck the telephone pole and when Mrs. Crozier made the observations to which she testified. Appellant's reliance on *Matter of Meyers* (43 Misc 2d 170) and *Matter of Slattery* (14 A D 2d 805) is misplaced, for the facts in each are clearly distinguishable from those here present. In *Meyers,* it was admittedly shown that one other than the defendant was seated behind the wheel, and in *Slattery,* a young boy was found in a car which was not running and it was established that he could not drive an automobile. The evidence clearly showed that the defendant was alone in the automobile when Mrs. Crozier examined it immediately after the impact and he was thus in possession of it. While we recognize that he had no duty to present any evidence, the unexplained possession of the "fruits of the crime" is certainly some evidence from which the jury could find the defendant to be the perpetrator (*People v. Everett,* 10 N Y 2d 500, 508, 509; *People v. Spivak,* 237 N. Y. 460, 461; *People v. Galbo,* 218 N. Y. 283; *People v. Carter,* 27 A D 2d 589, affd. 19 N Y 2d 967; *People v. Asklund,* 16 A D 2d 817). The facts in this case do not present a situation where it can be reasoned that the actions of the defendant were consistent with innocence. On the contrary, the only logical inference is that which the jury obviously found by its verdict. Neither do we find any error in the court's charge under the facts here presented, and to which no exception was taken. Judgment affirmed. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Gabrielli, J.