◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN JOSEPH MANFRO, Appellant.— GABRIELLI, J. Appeal from a judgment of the County Court of Ulster County rendered April 26, 1967 upon a verdict convicting defendant of the crimes of burglary, third degree, petit larceny and attempted grand larceny, second degree. In a four-count indictment, defendant was charged with having burglarized a gas station and with attempted larceny of an automobile from a used car lot, three buildings away. There was testimony to the effect that the gas station operator had locked up his business at 11:00 P.M. at which time everything was in order. An hour and a half later he returned to find the station had been broken into, entrance having been gained through a broken window. Upon inspection he found some keys missing as well as about 100 pennies. Shortly before this, a man later identified as defendant herein, was seen in the used car lot apparently making a search

under the seat and above the visor of a vehicle belonging to the dealer of the used car lot. In addition he was also observed making a search of and examining the next vehicle with its hood up and the police were called. Upon arrival they saw defendant inside this car in which subsequently the ignition keys were found. Upon seeing the police officers arriving the defendant fled and was promptly apprehended. When searched, he had some 100 pennies plus the keys which opened locks at the gas station. The record discloses sufficient circumstantial and direct evidence upon which the jury could return the verdict against the defendant. Additionally, while we recognize that he had no duty to present any evidence, the unexplained possession of the " fruits of the crime " insofar as the burglary and petit larceny charges are concerned, is certainly some evidence from which the jury could find the defendant to be the perpetrator (People v. Brown, 29 A D 2d 724; People v. Everett, 10 N Y 2d 500, 508, 509; People v. Spivak, 237 N. Y. 460, 461). We are not persuaded that there was any error in trying together the crimes charged in the indictment (People v. Colligan, 12 A D 2d 449, affd. 9 N Y 2d 900) for under the circumstances here presented this procedure was justified (Code Crim. Pro., § 279) and upon the record no prejudice resulted (Code Crim. Pro., § 542). Judgment affirmed. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Gabrielli, J.