Wachtler, J. (dissenting).
Defendant’s conviction for larceny rested solely on the testimony of Lo Monaco who stated at trial that the police had caught him in possession of the stolen goods. Lo Monaco went on to admit that he knew the goods were stolen but shifted the blame for the actual theft to the defendant and testified against him in order to avoid being prosecuted himself for possession of stolen property. On the strength of these admissions Lo Monaco should have been held to have been an accomplice as a matter of law (CPL 60.22, subd. 2, par. [b]) and the People should have been required to offer some independent corroborative evidence “ tend[ing] to connect the defendant with the commission of the crime in such a way as *481 may reasonably satisfy the jury that the accomplice is telling the truth.” (People v. Dixon, 231 N. Y. 111, 116.)
“ [T]he purpose of the ‘ accomplice ’ doctrine * * * [is to preclude] conviction solely upon the testimony of persons who are in some way criminally implicated in, and possibly subject to, prosecution for the general conduct or factual transaction on trial ” (Denzer, Practice Commentary, McKinney’s Cons. Laws of N. Y., Book 11 A, CPL 60.22, pp. 194-195, emphasis in original). Prior to the Criminal Procedure Law the avowed purpose was imperfectly realized primarily because an accomplice was narrowly defined and corroboration was unnecessary unless it appeared that the witness had participated as a principal in the same offense with which the defendant was charged (see, e.g., People v. Beaudet, 31 N Y 2d 371). Witnesses whose conduct had been such that they could only be charged with different, usually lesser, offenses escaped the operation of the rule despite the fact that they too might be motivated to accuse another in order to be absolved from prosecution for the crimes they had committed.
To fill this gap the Legislature, 1971, broadened the judicially created definition of an accomplice at least insofar as the corroboration rule was concerned. (Denzer, Practice Commentary, id.) Thus under the Criminal Procedure Law corroboration is required not only when the witness “ may reasonably be considered to have participated in * * * The offense charged ” (CPL 60.22, subd. 2, par. [a]) but also when the evidence indicates that he might have participated in any “ offense based upon the same or some of the same facts or conduct which constitutes the offense charged ” (CPL 60.22, subd. 2, par. [b]).
The majority concedes that “ perhaps in a mechanical, literal sense Lo Monaco might be said to be an accomplice within the language of paragraph (b) ”, but finds in the history of the statute some indication that the Legislature actually intended to create a special exception for the thief-receiver relationship. The primary indicator is said to be section 1308-a of the former Penal Law (now Penal Law, § 165.65) which provides that the receiver may be convicted solely on the testimony of the thief. Admittedly this section is not controlling here since we are confronted with the converse situation, but, it is argued, the statute reveals a legislative design to treat the thief-receiver *482 relationship as sui generis, and thus beyond the reach of the normal accomplice rule in every case. I disagree. In my view the history of the statute points to the opposite conclusion. The logic and obvious reason behind the enactment of subdivision 2 of section 165.65 of the Penal Law was to enable law enforcement agencies to strike at the “ fence ”, who provided the financial inducement for the thief to commit the larceny. The Penal Law carves out this one very unusual, isolated and specific exception to the broadened accomplice rule in the Criminal Procedure Law, but that does not, of course, apply where it is the thief, not the receiver, who is being prosecuted.
As the majority notes the statute was enacted in 1928 to overcome the result of the decision in People v. Kupperschmidt (237 N. Y. 463) which held that in a prosecution of the receiver the testifying thief should be treated as an accomplice despite the fact that the receiver could not technically be considered a principal to the theft “ in the absence of prior accessorial acts ”. (Kupperschmidt, supra, at p. 465.) Obviously the effect of this decision was to place the thief-receiver relationship in a special category which was not subject to the prevailing rule that an accomplice, for the purpose of the corroboration statute (Code Crim. Pro., § 399) had to be “ so connected with the crime that he could have been convicted as a principal or as an accessory before the fact ” (People v. Beaudet, supra, at p. 374). The Legislature responded with section 1308-a of the former Penal Law which brought the thief-receiver relationship back within the general rule and rejected in unmistakable terms the notion once again adopted by the majority in this case, that the relationship between the receiver and the thief belongs in a special category which should be treated as an exception to the corroboration rule applicable to accomplices generally.*
On the pragmatic side the majority stresses the “ classic separation between the crimes of theft and receiving stolen *483 property ” which, they note, may in fact be remote in time. The classic separation concept., of. course merely restates and perpetuates the rigid classifications of prior law which CPL 60.22 (subd. 2, par. [b]) was expressly designed, to eliminate. Under the present law the fact that the defendant and the witness may have committed legally discrete crimes is no longer controlling so long as it is shown that the witness is “ in some way criminally implicated in, and possibly subject to, prosecution for the general conduct or factual transaction on trial.-” (Denzer, Practice Commentary to CPL 60.22, supra.)
Nor do I see any significance in the fact that the larceny and receiving might occur at different, perhaps remote times. Even where several months have elapsed between the theft and the disposition of the goods, the receiver caught with stolen property is going to be tempted to accuse another in the hope of making a deal to avoid the consequences of his criminal behavior, and this is precisely what the statute is designed to guard against.
In sum whether we consider the literal terms or the purpose of the statute, Lo Monaco, who conceded his guilt and admitted his motive for testifying, was an accomplice as a matter, of law. And there is nothing in the legislative history to justify the conclusion that despite the language of the statute, the relationship between a receiver and a thief should always be exempted from the operation of the accomplice rule.
I would reverse and order a new trial.
Chief Judge Breitel and Judges Jasen, Babin and Stevens concur with Judge Jones; Judge Wachtler dissents and votes to reverse in a separate opinion in which Judge Gabrielli concurs.
Order affirmed.

 Ironically the statute which established uniformity in 1928 now functions, perhaps inadvertently, as an exception to the new broadened accomplice rule, at least in a narrow category of cases (i.e., prosecutions of receivers when the primary witness is the thief). However until the Legislature either broadens this unusual “ exception ” or abolishes it I would limit the statute to the situation described and not judicially enlarge it at the expense of the newly expressed legislative policy.