■ In the Matter of Tony M., a Person Alleged to be a Juvenile Delinquent, Appellant.—Appeal from an order of the Family Court, Kings County, dated May 12, 1975, which, after a fact-finding determination, adjudicated appellant a juvenile delinquent and placed him on probation. Order affirmed, without costs or disbursements. Upon the conclusion of the fact-finding hearing, the charges in the petition that appellant committed acts which, if done by an adult, would constitute the crimes of robbery in the second degree and assault in the third degree (Penal Law, §§ 160.10, 120.00) were dismissed. The appellant, however, was found to have committed acts which, if done by an adult, would constitute the crime of criminal possession of stolen property in the third degree (Penal Law, § 165.40). At the fact-finding hearing, the complainant testified that, while she and her son were standing on an elevated subway platform at about 1:30 P.M. on December 6, 1974, the appellant engaged her in conversation. She had a purse in her hand and, when she was about to move away, the appellant started to fight with her for possession of her purse. At the time she had about $200 in her purse. It took some three minutes for the appellant, the complainant testified, to get her purse; during that time she was screaming. The appellant also hit her in the chest and about the head and finally succeeded in seizing her purse. As the complainant turned, another boy hit her and she fell. The boys then ran down the steps leading from the station. The police officer testified that he was on duty in a radio car and, at about 1:40 P.M. on the day of the incident, he heard a woman screaming, "they robbed me, they robbed me." He saw two Black males running down the street and gave chase; his partner followed in the car. The officer testified that he had not been gaining on the boys and, after some 20 seconds, he was about 100 feet behind them when a passing truck obscured his vision. After the truck passed, he saw the defendant sitting on a stoop with one leg blocking part of the purse. The Family Court Judge, at the conclusion of the fact-finding hearing, determined that, although an assault and robbery had been established by a "preponderance of evidence", there was no proof beyond a reasonable doubt of the appellant's guilt of those two crimes. The basis for his holding was the absence of any testimony by the officer who made the arrest that the appellant was not "a bit winded" when first observed by the officer sitting on the stoop. The Family Court Judge also felt that there was some doubt about the complainant's identification of appellant; the appellant, however, was found to have committed acts which

constituted the crime of criminal possession of stolen property in the third degree. In considering the propriety of the finding as to criminal possession, the Practice Commentary by Arnold D. Hechtman, former counsel to the Commission on Revision of the Penal Law and Criminal Code, is illuminating (Hechtman, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law, § 165.40, pp 241-243). After noting the difficulties which existed under section 1308 of the former Penal Law, which defined criminal possession as four separate crimes, or one crime committed in four different ways, the commentator stated that the former section actually: "created two distinct crimes, one being buying or receiving and the other concealing or withholding *(People v. Fein,* 1944, 292 N.Y. 10, 13 * * *; *People v. Spivak,* 1924, 237 N.Y. 460, 463 * * *). * * * It is for these reasons that the revised section, eliminating all reference to those four words, labels the offense 'criminal *possession* of stolen property' and defines it purely in terms of knowing *possession.* In order to exclude rare cases in which such possession, though with knowledge of the stolen character of the property, involves no other form of culpability, the section requires an 'intent' by the possessor—albeit one which is presumed (§ 165.55[1])—'to benefit himself or a person other than an owner thereof or to impede the recovery by an owner thereof' " (emphasis in original). The appellant's endeavors to conceal the purse, although partial, his incredible story of an unknown boy throwing the purse to him and it fortuitously landing partially under one of his legs, the complainant's testimony of her struggle with appellant for several minutes and of her efforts to resist appellant's seizure of her purse, appellant's striking complainant about her head and chest, finally succeeding in taking the purse, appellant's flight, and the complaint's identification of the handbag in appellant's possession at the time of the arrest, all establish that appellant had knowledge of the theft. Hence, his possession of the purse was within section 165.40 of the Penal Law, and the Family Court properly so found. Margett, Damiani, Christ and Hawkins, JJ., concur; Hopkins, Acting P. J., dissents and votes to reverse the order and dismiss the petition, with the following memorandum: The appellant has been adjudicated a juvenile delinquent upon a finding that he had committed acts which, if done by an adult, would constitute the crime of criminal possession of stolen property in the third degree (Penal Law, § 165.40). The petition filed against the appellant alleged that he had committed acts which constituted not only the crime of criminal possession of stolen property, but also the crimes of robbery and assault (Penal Law, §§ 160.10, 120.00). At the fact-finding hearing, a police officer testified that he heard a woman scream that she had been robbed, that he saw the appellant and another running down the street, that he chased the two on foot, while his partner followed in a police car, and that he saw the appellant carrying a "black object which seemed to be a purse." The officer testified that he lost sight of the appellant for a few seconds and that, when he saw the appellant again, the appellant was sitting on a stoop with the pocketbook under his leg. At that point the appellant was arrested. The appellant was identified at the hearing by the woman as her assailant and the robber of the purse. The appellant testified on his own behalf that while he was sitting on the stoop, four boys ran down the street and one of them threw the pocketbook at him, whereupon it landed near his foot. The Family Court dismissed the charges of robbery and assault, because it seemed "incredible * * * that a boy who would be running at top speed at one moment [would] be sitting there calmly the next moment." However, the Family Court found that the charge of criminal possession of the pocketbook had been established beyond a reasonable

doubt, saying that it would "take judicial notice and I feel it's incredible that anyone receiving a pocketbook or having a pocketbook thrown upon them in any manner, should not know that something is wrong." The Family Court also said that there was a reasonable doubt as to the identification of the appellant by the woman. The crime of criminal possession of stolen property implicates guilty knowledge of the initial larceny and the presumption flowing from possession likewise requires guilty knowledge (Penal Law, §§ 165.40, 165.55). Here, the proof is clear that the theft, concerning which the appellant was exonerated, occurred as a part of a continuing transaction of a very short duration of time. The Family Court's ultimate finding that the appellant was not the thief was bottomed upon a preliminary finding that the appellant had been sitting on the stoop at the time of the theft. Necessarily, then, the pocketbook must have been thrown on the stoop. Absent a finding that the appellant took possession of the pocketbook—and there were no facts to support such a finding—the appellant could not be guilty of criminal possession. Nor were there any facts (beyond the circumstances relating to the theft which were rejected by the Family Court) which would permit a finding that the appellant had guilty knowledge of the attempted robbery. Hence, the factual record is at least equivocal as to both guilty possession and guilty knowledge and, accordingly, the appellant could not be found to have committed acts which constitute the crime of criminal possession of stolen property.