■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT HAIRSTON, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (Pizzuto, J.), rendered September 1, 1981, convicting him of robbery in the first degree (two counts), robbery in the second degree (two counts) and assault in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of defendant's motion to suppress identification testimony and his inculpatory statement.

Judgment affirmed.

On July 11, 1980, at approximately 1:00 P.M., two men entered complainant's grocery store. Complainant observed them walk toward the rear of the store, and they then approached him. One of the men produced a handgun, and

announced "this is a hold-up". The men then took approximately $800 from the complainant's cash register and pants pockets. They placed the money in a bag, and cut the telephone wire. The complainant was then ordered to lie on the floor by the counter under the threat of death, but before complainant was able to comply, he was hit over the head with a bottle. After the intruders had exited the grocery store, the complainant followed them out, screaming for help, and observed that they had separated. His brother then arrived at the store, and complainant explained that he had been robbed by two men, one of whom was carrying a bag in his hand and was armed with a gun. The complainant pointed in the direction in which the latter individual had headed, and his brother gave chase on a bicycle, following that individual to a laundromat.

In the interim, two police officers had responded to a call regarding a robbery in progress at the grocery store. The complainant described the perpetrators as "two male blacks, one with braided hair" and indicated the directions in which they had fled. The officers then received a radio call reporting two police officers in pursuit of a "male fitting that description", and they then proceeded to a location two blocks away, at which point they were directed north by bystanders who had observed the chase. They ultimately reached the laundromat, where complainant's brother pointed out defendant as the perpetrator. The officer then placed defendant under arrest, handcuffed him, and placed him in the police car. Defendant was then advised of his *Miranda* rights, and, within 15 minutes of the robbery, was transported to the grocery store. There, complainant immediately identified defendant as one of the two men who had perpetrated the robbery. Defendant was taken to the police station, and again received *Miranda* warnings, which he acknowledged that he understood. Defendant then admitted that he had thrown the bag containing the money and the gun into a pool of water while he was being chased. These events all transpired within the course of an hour. Defendant sought to suppress the statement and the complainant's showup identification of him at the scene of the robbery. After a hearing, Criminal Term determined that, although probable cause for the arrest was lacking, the evidence was nevertheless admissible because of attenuation. Based upon our review of the record, we conclude that probable cause for the arrest existed, and, therefore, we need not address the merits of the hearing court's determination as to attenuation.

Initially, we observe that defendant was under arrest "when handcuffed and placed in the police vehicle for transportation back to the robbery scene" *(People v Brnja,* 50 NY2d 366, 372). Pursuant to CPL 140.10 the arresting officers had probable cause to believe that a crime had been committed, and that defendant had been one of the perpetrators *(see, People v Lane,* 102 AD2d 829, *appeal dismissed* 63 NY2d 865). It is well settled that information provided by an identified citizen accusing another individual of the commission of a specific crime is sufficient to provide the police with probable cause to arrest *(see, People v Moore,* 32 NY2d 67, 71, *cert denied* 414 US 1011; *People v Ward,* 95 AD2d 233; *People v Sanders,* 79 AD2d 688). In addition, the police officers were provided with a description of the alleged perpetrators by the complainant and were summoned to the location of the arrest by a radio call reporting that two officers were in pursuit of an individual matching defendant's description. Under these circumstances, the police plainly had probable cause to believe that defendant had perpetrated the earlier robbery at the grocery store, and their arrest of defendant was therefore proper. Consequently, defendant's contention that the showup identification was the fruit of an illegal arrest is without merit. Moreover, a review of the record clearly supports the hearing court's determination that defendant was advised upon two occasions of his *Miranda* rights and indicated his understanding of those rights. He agreed to make a statement without an attorney being present. Therefore, the statement is admissible.

We have examined defendant's remaining contentions and find them to be either unpreserved for review or without merit. Mollen, P. J., Thompson, Rubin and Kunzeman, JJ., concur.