■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY FECUNDA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Sherman, J.), rendered February 9, 1987, convicting him of criminal possession of stolen property in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt.

The People's evidence indicated, in pertinent part, that on a Sunday evening in a commercial area, a United Parcel Service (UPS) warehouse was burglarized during which two boxes

were taken. Upon their arrival at the warehouse, two police officers searched the area and two boxes ·were found on a nearby street corner. The boxes were subsequently identified as the ones taken from the warehouse. The police officers decided to keep the boxes under surveillance. About 30 or 40 minutes thereafter, the defendant and his codefendant arrived at the street corner in a taxicab. They alighted from the cab, went directly to the boxes and attempted to lift them. The officers then approached the men, announced that they were police officers, and, after a brief struggle, the defendant was arrested. The other individual fled but was arrested shortly thereafter.

Contrary to the defendant's specific contention that the People failed to prove that he possessed the boxes, we find that the defendant's momentary handling of the boxes stolen from the UPS warehouse immediately prior to the arrest was sufficient to sustain a finding that, acting in concert with his codefendant, the defendant possessed the boxes (see, Penal Law § 10.00 [8]; § 20.00; see also, People v Sierra, 45 NY2d 56, 61; People v Gina, 137 AD2d 555; cf., Matter of Tony M., 44 NY2d 899, revg 53 AD2d 675). As to the defendant's further contention that the People failed to prove that he knew the boxes were stolen, we find that under all of the circumstances, the jury could have inferred that the defendant knew the boxes were stolen, despite the fact that the trial court did not specifically charge the jury that an inference of guilt may be drawn from the recent and exclusive possession of the fruits of a crime (cf., People v Felder, 132 AD2d 705; People v Hunt, 112 AD2d 781; People v Edwards, 104 AD2d 448). Lawrence, J. P., Harwood, Balletta and Rosenblatt, JJ., concur.