■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOMINICK LIETO, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Kepner, J.), rendered June 7, 1989, convicting him of criminal possession of stolen property in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, the indictment is dismissed and the matter is remitted to the County Court, Westchester County for the purpose of entering an order in its discretion pursuant to CPL 160.50.

The defendant stands convicted of criminal possession of stolen property in the first degree under former section 165.50 of the Penal Law. The first two counts of the indictment charged the defendant with separate offenses of grand larceny in the second degree committed as part of an insurance fraud scheme. The indictment alleged that the defendant had stolen a 1977 Cadillac previously registered to his wife Carol Lieto.

On the trial the theory of the People on their direct case was that Carol Lieto falsely reported to her insurance carrier Liberty Mutual Insurance Company (hereinafter Liberty Mutual) that her 1977 Cadillac was stolen but that the vehicle was continuously held in her and the defendant's possession. The indictment further alleged in the second count that the defendant had stolen the insurance proceeds paid by Liberty Mutual to his wife in satisfaction of her false claim. The trial court dismissed the two counts of the indictment charging the defendant with the larceny of the 1977 Cadillac and the insurance proceeds, after the defense rested, finding that the evidence was legally insufficient to convict the defendant of those counts. The third count of the indictment, upon which the defendant was found guilty, charged him with criminally possessing stolen property, *i.e.,* the 1977 Cadillac.

An essential element of the crime of criminal possession of stolen property in the first degree is proof that the property in question was stolen *(see,* Penal Law § 165.54 [former § 165.50]; *People v Walker,* 198 NY 329; *People v Bryson,* 118 AD2d 791; *People v Corsetti,* 10 AD2d 685; *People v Matthews,* 6 AD2d 786). Upon our review of the record, the People failed to prove the underlying larceny and, thus, failed to prove that the property in question was stolen for purposes of sustaining the defendant's conviction. Consistent with the theory of the People's case was the view that the subject property never actually left its owner's possession but rather had been falsely reported stolen in an effort to perpetrate a fraud upon Liberty Mutual. This view is buttressed by the trial court's dismissal of the larceny charges. Such conduct cannot be regarded as constituting a larceny offense even under the broad confines of Penal Law § 155.05 *(cf., People v Zinke,* 76 NY2d 8; *People v Foster,* 73 NY2d 596). In light of our determination, we do not address the other contentions raised on this appeal. Thompson, J. P., Bracken, Lawrence and Eiber, JJ., concur.