■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERICK ANAYA, Appellant. [614 NYS2d 59] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Tisch, J.), rendered August 18, 1992, convicting him of robbery in the first degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant contends that the court erred in denying suppression of the in-court identification testimony of the victim who had identified him initially by picking him out of a high school yearbook. Given that the victim indicated that she knew the defendant from high school, the identification procedure using the school yearbook was confirmatory in nature and the issue of suggestiveness is not relevant *(see, People v Michael P.,* 169 AD2d 738, 739). In any event, the record contains no evidence to indicate that the yearbook displayed the defendant's photograph in an unduly suggestive manner *(see, People v Burris,* 171 AD2d 668).

Also without merit is the defendant's contention that reversal is required because the prosecution violated the rule espoused in *Batson v Kentucky* (476 US 79). The defendant failed to meet his burden of establishing a prima facie case of discrimination *(see, People v Childress,* 81 NY2d 263, 266). In any event, the prosecutor's explanation for the exercise of the peremptory challenge to exclude a member of a cognizable

racial group, that is, that the prospective juror's son had recently been convicted of a crime in Suffolk County, was a legitimate race-neutral ground for exercising a peremptory challenge *(see, People v Hernandez,* 75 NY2d 350, *affd* 500 US 352).

The defendant also contends that there was legally insufficient evidence to support his conviction for robbery in the first degree because there was no evidence showing that he actively participated in the robbery. This claim is unpreserved for appellate review *(see,* CPL 470.05 [2]). In any event, viewing the evidence in a light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that there was legally sufficient evidence to establish beyond a reasonable doubt the defendant's active participation in the robbery as the driver of the getaway car *(see, People v Earle,* 170 AD2d 619, 620).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Rosenblatt, J. P., Lawrence, Copertino and Joy, JJ., concur.