■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL DELBOIS, Appellant. [632 NYS2d 66] —Judgment, Supreme Court, New York County (Ira Beal, J.), rendered December 15, 1992, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of $4^{1}/_{2}$ to 9 years, unanimously affirmed.

Defendant's *pro se* claim regarding the hearing court's refusal to allow him to call "the ghost" undercover officer for an independent source hearing is unpreserved for review as a matter of law (*People v Williams*, 85 NY2d 868), and we decline to review it in the interest of justice. Were we to review it, we would find that since the arresting officer's testimony established that defendant's arrest was supported by probable cause,

there was no need for either of the undercover officers to testify regarding an independent source for their identifications (*cf., People v Gethers*, 86 NY2d 159).

The prosecutor's remark on summation, that the reason for his failure to question the arresting officer about the recovery of marihuana from defendant was because he agreed to defense counsel's request for its preclusion, was within the broad bounds of rhetorical comment permissible in closing argument and directly responsive to defense counsel's implicit suggestion that the prosecutor was involved in a cover up (*People v Sanchez*, 216 AD2d 207). Concur—Sullivan, J. P., Wallach, Rubin, Ross and Nardelli, JJ.