■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MANFRED BERNIER, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IRVINE BROWNE, Appellant. [666 NYS2d 161] —Judgment, Supreme Court, New York County (Allen Alpert, J., at hearings; Bruce Allen, J., at jury trial and sentence), rendered March 7, 1995, convicting defendant Manfred Bernier of two counts of robbery in the first degree and one count each of robbery in the second degree and criminal possession of a weapon in the second and third degrees, and sentencing him to two terms of 11 to 25 years, a term of 5 to 15 years, and two terms of 2⅓ to 7 years, all to run concurrently, unanimously affirmed.

Judgment, same court and Justices, rendered April 21, 1995, convicting defendant Irvine Browne of the same crimes as codefendant Bernier, and sentencing him, as a second felony offender, to four terms of 6 to 12 years and a term of 2 to 4 years, all to run concurrently, unanimously affirmed.

Both defendants' suppression motions were properly denied in all respects. The police properly stopped the car in question based upon both reasonable suspicion of its involvement in a robbery as well as upon an actual traffic violation. Defendants were clearly connected to the robbery by the information provided by one of the victims of the crimes and by a citizen informant who had observed the getaway vehicle, the description of which closely matched defendants' car (*see, People v Sanchez*, 216 AD2d 207, *lv denied* 87 NY2d 850; *People v Kadan*, 195 AD2d 174, 178, *lv denied* 83 NY2d 854). Furthermore, the record supports the hearing court's finding that the police first attempted to stop the car after it committed a traffic violation. Moreover, the traffic violation reasonably appeared to be evasive action, which heightened the level of suspicion. Defendants' efforts to flee by driving backwards against the flow of traffic, striking several cars, raised the level of suspicion to probable cause (*see, People v Spearman*, 226 AD2d 180, *lv denied* 88 NY2d 886). Accordingly, the various fruits of defendants' lawful arrests were admissible.

The showup identification of defendant Bernier took place only minutes after the commission of the crimes and in close proximity to the crime scene, and there was no undue suggestiveness (*see, People v Duuvon*, 77 NY2d 541, 545). The four fillers participating in defendant Browne's lineup were suf-

ficiently similar in appearance to Browne (*see, People v Chipp*, 75 NY2d 327, 336, *cert denied* 498 US 833), and there is nothing suggestive about sitting at the end of the lineup or in front of an open door (*see, People v Mendez*, 208 AD2d 358), which positions Browne himself selected.

The court's *Sandoval* ruling balanced the appropriate factors and was a proper exercise of discretion (*see, People v Bennette*, 56 NY2d 142, 149).

Since neither defendant previously requested severance, the issue is unpreserved for appellate review (*People v McGee*, 68 NY2d 328), and we decline to review it in the interest of justice. Were we to review it, we would find it to be without merit (*see, People v Mahboubian*, 74 NY2d 174, 184).

Since defendant Bernier has not raised his claim of ineffective assistance of counsel in a CPL article 440 motion, strategic explanations of counsel's conduct of the trial are not available (*People v Love*, 57 NY2d 998). A review of the existing record indicates that Bernier received effective assistance of counsel (*see, People v Baldi*, 54 NY2d 137).

We perceive no abuse of sentencing discretion.

We have considered defendants' remaining claims and find them to be without merit. Concur—Milonas, J. P., Rosenberger, Ellerin, Nardelli and Colabella, JJ.