■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAM SPENCER, Appellant. [684 NYS2d 561] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Hanophy, J.), rendered July 23, 1997, convicting him of criminal possession of stolen property in the third degree, attempted grand larceny in the third degree, attempted grand larceny in the fourth degree, unauthorized use of a motor vehicle in the third degree, and possession of burglar's tools, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the conviction of criminal possession of stolen property in the third degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

There is no merit to the defendant's contention that the police lacked probable cause to arrest him. The defendant was arrested in close temporal and geographic proximity to the crime scene and the prosecution established that a security guard, who called the police and provided a detailed description of the perpetrator which matched the defendant, was reliable (*see, People v Parris,* 83 NY2d 342; *People v Hetrick,* 80 NY2d 344; *People v Vann,* 245 AD2d 818).

Viewing the evidence adduced at trial in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was not legally sufficient to establish the defendant's guilt beyond a reasonable doubt of criminal possession of stolen property in the third degree (*see, People v Alamo,* 34 NY2d

453; *People v Neary,* 189 AD2d 828; *People v Lieto,* 176 AD2d 353; *see also,* Penal Law §§ 155.05, 165.50). Joy, J. P., Krausman, Florio and Luciano, JJ., concur.