■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR MEDINA, Appellant. [830 NYS2d 76]—

Judgment, Supreme Court, New York County (John Cataldo, J.), rendered August 7, 2002, as amended October 3, 2002, convicting defendant, after a jury trial, of burglary in the first degree and robbery in the first degree, and sentencing him to concurrent terms of seven years, unanimously affirmed.

The verdict was not against the weight of the evidence (see *People v Bleakley*, 69 NY2d 490 [1987]). There was no reasonable explanation for defendant's conduct other than that he knowingly and intentionally acted as a getaway driver in a carefully planned home invasion robbery.

There was no unlawful variance between the indictment and the trial evidence. The People, who properly instructed the grand jury on accessorial liability, presented evidence to the grand jury that supported a reasonable inference that defendant was one of the persons who actually entered the victim's apartment, and alternatively supported a reasonable inference that defendant acted in concert with such persons. In any event, even if we were to accept defendant's argument that the grand jury evidence only supported a theory that defendant entered the apartment, whereas the trial evidence established that defendant's only role was that of a getaway driver, defendant would not be entitled to any relief. There is "no legal distinction between liability as a principal or criminal culpability as an accomplice" (*People v Rivera*, 84 NY2d 766, 769 [1995]). The indictment did not limit the People to a particular factual theory as to defendant's role in the crime (see *People v Grega*, 72 NY2d 489, 496-497 [1988]). Since there was no variance between the trial evidence and the *language* of the indictment, any discrepancy between the trial and grand jury *evidence* is irrelevant. Defendant is essentially challenging the sufficiency of the grand jury evidence to establish the particular acts subsequently proven at trial, and CPL 210.30 (6) forecloses ap-

pellate review of such a claim. Finally, we note that defendant received fair notice, both before and during trial, of the theory upon which the People were proceeding (*see People v Foley*, 210 AD2d 163 [1994], *lv denied* 85 NY2d 861 [1995]).

The court properly denied defendant's suppression motion. The police conducted a lawful investigatory detention, fully supported by reasonable suspicion that defendant had been involved in a violent crime, and this detention was not transformed into an arrest when the police ordered defendant out of his vehicle, placed him on the ground in handcuffs, and held him for approximately 30 minutes, since all of these police actions were justified by the particular exigencies involved in the investigation (*see People v Foster*, 85 NY2d 1012 [1995]; *People v Allen*, 73 NY2d 378 [1989]; *People v Pinkney*, 156 AD2d 182 [1989], *lv denied* 75 NY2d 870 [1990]). After the victim arrived and made what the police reasonably believed, at the time, to be an identification of defendant as one of the men who entered his apartment and robbed him, this gave the police probable cause for an arrest (*see generally People v Bigelow*, 66 NY2d 417, 423 [1985]). Probable cause to arrest was not retroactively undermined when, long after defendant's arrest, the victim denied having been able to identify him.

The court's discretionary ruling to admit duct tape, a pry bar, and knit cap that the police found in defendant's vehicle was proper. These items were capable of being used in a home invasion such as the instant crime, and even though never actually used in this incident, their presence in defendant's van provided circumstantial evidence he knowingly and intentionally acted as a getaway driver (*see People v Ingram*, 71 NY2d 474 [1988]). Even were these items viewed as uncharged crime evidence, they were not offered to show criminal propensity, and their probative value outweighed their prejudicial effect. The record also supports the court's alternate conclusion that defendant opened the door to this evidence (*see People v Mateo*, 2 NY3d 383, 425 [2004]). Defendant did not preserve his argument that the court should have provided a limiting instruction and we decline to review it in the interest of justice. Were we to review this claim, we would find no basis for reversal.

There was a sufficient evidentiary predicate for a flight charge, and any ambiguity in defendant's conduct was for the jury to consider (*see People v Yazum*, 13 NY2d 302, 304 [1963]).

Defendant's remaining claims are similar to arguments that this Court rejected on a codefendant's appeal (*People v Gonzalez*, 16 AD3d 283 [2005], *lv denied* 5 NY3d 766 [2005]), and we see no reason to rule differently herein. Concur—Saxe, J.P., Friedman, Marlow, Buckley and Sweeny, JJ.