■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MATEO CABRERA, Appellant. [925 NYS2d 166]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Gavrin J.), rendered December 7, 2007, convicting him of robbery in the second degree, criminal possession of stolen property in the fifth degree, assault in the third degree, reckless endangerment in the first degree, and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's claim that the evidence was legally insufficient to establish that he committed robbery in the second degree, while acting in concert with others, is unpreserved for appellate review, as he failed to address this specific ground as a basis for dismissal in the Supreme Court (see CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 491-492 [2008]; *People v Ramos*, 74 AD3d 991, 992 [2010]). In any event, viewing the evidence in the light most favorable to the prosecution (see *People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt of robbery in the second degree under an accomplice theory of liability beyond a reasonable doubt (see *People v Hardmon*, 70 AD3d 716 [2010]; *People v Gellman*, 31 AD3d 785, 785-786 [2006]). Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (see *People v Romero*, 7 NY3d 633 [2006]).

Contrary to the defendant's contention, the trial court did not improperly limit cross-examination of the arresting police officer, and did not deprive the defendant of his fundamental right to present a defense (see *People v Graddick*, 7 AD3d 811 [2004]; *People v Sawyer*, 304 AD2d 775 [2003]). The defendant fully presented his theory that the incident was nothing more than a fight between two groups of men.

The defendant's contention that he was deprived of a fair trial by the prosecutor's alleged misconduct during the trial is without merit (see *People v Thomas*, 34 AD3d 606, 606 [2006]). Further, the defendant's contention that various comments made by the prosecutor during summation were improper is

without merit. The challenged remarks were within the bounds of permissible rhetorical comment, fair response to arguments and issues raised by the defense, fair comment on the evidence, or cured by the trial court's charge to the jury (*see People v Ashwal*, 39 NY2d 105, 109 [1976]; *People v Pocesta*, 71 AD3d 920, 921 [2010]; *People v Ayala*, 69 AD3d 869, 869-870 [2010]).

The defendant's remaining contention is without merit. Mastro, J.P., Angiolillo, Chambers and Cohen, JJ., concur.