■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE ALFARO, Appellant. [926 NYS2d 94]—

Judgment, Supreme Court, New York County (Edwin Torres, J.), rendered February 29, 2000, convicting defendant, after a jury trial, of robbery in the first and second degrees, assault in the first degree, and gang assault in the second degree, and sentencing him to an aggregate term of 15 years, and judgment of resentence, same court (Laura A. Ward, J.), rendered April 2, 2008, resentencing defendant to an aggregate term of 15 years, with 2½ years' postrelease supervision, unanimously affirmed.

The verdict was based on legally sufficient evidence. The evidence supports reasonable inferences that defendant and his companions took property from the victim, and did so with intent to deprive the victim of the property (see e.g. *People v Kirnon*, 39 AD2d 666, 667 [1972], *affd* 31 NY2d 877 [1972]).

The court properly admitted into evidence an imitation pistol, handcuffs and handcuff keys found in defendant's possession or vicinity immediately after the crime was committed. Although defendant was not charged with unlawful possession of an imitation pistol, his possession of those items provided circumstantial evidence of his intent to commit the crimes charged (see *People v Medina*, 37 AD3d 240, 242 [2007], *lv denied* 9 NY3d 847 [2007]; *People v Cooper*, 238 AD2d 194 [1997], *lv denied* 90 NY2d 939 [1997]). Furthermore, the probative value of this evidence outweighed its prejudicial effect. The lack of a limiting instruction does not warrant reversal under the circumstances.

The court properly exercised its discretion when it denied defendant's request, made at the close of the defense case, to recall a prosecution witness for further cross-examination (see *generally People v Olsen*, 34 NY2d 349, 353-354 [1974]). The court did not deprive defendant of his right to confront this witness.

Defendant did not preserve any of his other challenges to the court's conduct of the trial, including his constitutional claims, and we decline to review them in the interest of justice. As an alternative holding, we find that defendant was not deprived of

his right to a fair trial and to confront witnesses. The court placed reasonable restrictions on defendant's cross-examination, and its own participation in the questioning of witnesses was within permissible limits (*see People v Moulton*, 43 NY2d 944, 945 [1978]).

Defendant did not preserve his claim that certain counts of the indictment are multiplicitous, or any of his arguments concerning the defense and prosecution summations, and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits. Concur—Tom, J.P., Saxe, Catterson, Moskowitz and Acosta, JJ.