■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH BACOTE, Appellant. [967 NYS2d 727]—

Judgment, Supreme Court, New York County (Daniel P. FitzGerald, J.), rendered January 23, 2011, convicting defendant, after a jury trial, of robbery in the second degree, and sentencing him, as a second felony offender, to a term of eight years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). Initially, we find no basis for disturbing the jury's credibility determinations.

Defendant's entire course of conduct, beginning with the fact that he and an unapprehended companion suspiciously tarried in a restaurant men's room without using its facilities, supports an inference that he was an intentional participant in the robbery of a man who emerged from the restroom's stall (*see People v Jackson*, 44 NY2d 935 [1978]). When, at the unapprehended robber's direction, defendant made the victim go back into the stall, this was in such close temporal and spatial proximity to the preceding theft of the victim's money that it can be reasonably viewed as aiding the commission of the robbery (*see* Penal Law § 20.00), rather than as acting as an accessory after the fact, now known as hindering prosecution (*see* Penal Law § 205.50). Defendant's theory that he never expected his companion to commit the robbery and never intended to participate, but suddenly agreed to help his companion escape, makes little sense under the evidence presented.

Moreover, the evidence also supports the inference that defendant took part in the actual taking of the victim's money. The

victim's testimony, viewed as a whole, warrants an inference that defendant positioned himself so as to intimidate the victim by his presence and to be ready to render immediate aid to the unapprehended robber (*see e.g. People v Burgess*, 90 AD3d 531 [1st Dept 2011] [and cases cited therein], *lv denied* 19 NY3d 958 [2012]). Indeed, since the other robber neither displayed nor threatened the use of a weapon, the intimidating presence of a second man, to deter resistance, was essentially the means by which the robbery was accomplished. Finally, defendant's conduct in fleeing from the scene with the other robber provided some additional proof of his accessorial liability.

Defendant's challenges to the People's summation are unpreserved, and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal (*see People v Overlee*, 236 AD2d 133 [1st Dept 1997], *lv denied* 91 NY2d 976 [1998]; *People v D'Alessandro*, 184 AD2d 114, 118-119 [1st Dept 1992], *lv denied* 81 NY2d 884 [1993]). Concur—Tom, J.P., Mazzarelli, Moskowitz and Gische, JJ.