■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS MAURAU, Also Known as CARLOS A. MOURAO, Appellant. [995 NYS2d 29]—

Judgment, Supreme Court, New York County (Ruth Pickholz, J.), rendered June 27, 2011, convicting defendant, after a jury trial, of attempted robbery in the first degree, and sentencing him to a term of four years, unanimously affirmed.

The court properly permitted the People to introduce evidence that bags defendant was carrying at the time of this knife-point attempted robbery of a jewelry store, and at the time of his arrest immediately thereafter, contained certain items, including a hammer and a ski mask, that could reasonably be viewed as evincing preparation for the commission of a robbery. Initially, we note it was not unlawful to possess these items, despite their sinister connotations (*see People v Flores*, 210 AD2d 1 [1st Dept 1994], *lv denied* 84 NY2d 1031 [1995]). In any event, regardless of whether the ordinary test of relevance, or the special balancing test for uncharged crimes evidence under *People v Molineux* (168 NY 264 [1901]) should apply, we find that the evidence satisfied either test, as did the court's conclusions, both implicit and explicit.

The items at issue did not constitute evidence of general propensity to commit robberies, but evidence that at the specific time and place in question, defendant had equipped himself with the means of committing the particular charged robbery (*see People v Del Vermo*, 192 NY 470, 481-482 [1908]). Even though defendant never actually used them, the items could

have been used in the commission of the crime, and were recovered upon defendant's apprehension shortly after the incident. Accordingly, these items served to complete the narrative of the criminal transaction, were probative of the material issue of intent, and tended to refute defendant's innocent explanation for the events that occurred in the jewelry store (*see People v Alfaro*, 19 NY3d 1075, 1076 [2012]; *see also People v Medina*, 37 AD3d 240, 242 [1st Dept 2007], *lv denied* 9 NY3d 847 [2007]).

In any event, any error was harmless in light of the overwhelming evidence of guilt (*see People v Crimmins*, 36 NY2d 230 [1975]). While some of the items that were found in defendant's bags may have had only a tenuous relevance, there is no significant probability that the result would have been different if the court had excluded them.

We have considered and rejected defendant's contentions regarding the scope of our review of the trial court's ruling (*see People v Garrett*, 23 NY3d 878, 885 n 2 [2014]; *People v Alfaro*, 19 NY3d at 1076-1077). Concur—Friedman, J.P., Sweeny, Acosta, Saxe and Manzanet-Daniels, JJ.