People v Arevalo (2022 NY Slip Op 01801)





People v Arevalo


2022 NY Slip Op 01801


Decided on March 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
SHERI S. ROMAN
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.


2020-01021
 (Ind. No. 1798/17)

[*1]The People of the State of New York, respondent,
v
Christian Arevalo, appellant.


Marianne Karas, Thornwood, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Tammy J. Smiley and Kevin C. King of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (William O'Brien, J.), rendered January 17, 2020, convicting him of criminally negligent homicide, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement officials.
ORDERED that the judgment is affirmed.
The defendant was convicted of criminally negligent homicide arising from an incident that occurred in the evening of August 11, 2017, in Great Neck. On that evening, the defendant had a physical altercation with Corey Howell, who was a rival marijuana dealer. During the altercation, the defendant took Howell's backpack, which contained cash proceeds from marijuana sales, and got into the driver's seat of a white Nissan Altima. Howell stood in front of the vehicle and banged on the hood. The defendant accelerated the vehicle and Howell landed on the hood. With Howell holding on, the defendant sped away and drove for approximately 1.5 miles, speeding, zigzagging, and braking, before Howell eventually was thrown from the hood, landing on the pavement. Howell died later that night from his injuries.
In an omnibus motion, the defendant moved, inter alia, to suppress his statements to law enforcement officials as well as blood sample evidence taken from the defendant following his arrest, arguing that they were the products of an unlawful arrest. At the suppression hearing, the People's evidence established that, upon responding to a radio run of a possible accident, police officers saw the defendant's vehicle traveling at a high rate of speed and backing up aggressively. The officers activated the lights on the police vehicle and the defendant stopped his vehicle. The officers approached, with guns drawn, pulled the defendant from his vehicle, handcuffed him, and placed him in the back of the police vehicle, where he remained for approximately one hour. While the defendant was in the police vehicle, officers discovered Howell on the pavement, and Howell's brother arrived at the scene and informed the officers of what had occurred. The Supreme Court denied the subject branches of the defendant's omnibus motion, finding that the detention of the defendant under the circumstances did not constitute an arrest, and that the defendant was not arrested until later when, still in the back of the police vehicle, he was approached by an officer who [*2]had spoken with Howell's brother, by which time probable cause existed.
We agree with the defendant that the Supreme Court erred in concluding that the defendant was not under arrest when he was removed from his vehicle by police at gunpoint, handcuffed, and placed into the back of the police vehicle (see People v Brnja, 50 NY2d 366, 372; People v Delvillartron, 120 AD3d 1429, 1433; People v Williams, 79 AD3d 1653, 1654, affd 17 NY3d 834; People v Hairston, 117 AD2d 618, 620). Since the People failed to establish that the arrest was lawful (see generally People v Berrios, 28 NY2d 361, 367), the court should have granted those branches of the defendant's omnibus motion which were to suppress the blood sample evidence and his statements to the police (see People v Hightower, 176 AD3d 865, 866; People v Jones, 164 AD3d 1363, 1367; People v Delvillartron, 120 AD3d at 1433). Nonetheless, the People did not present the blood sample evidence at trial, and the evidence of the defendant's guilt without regard to his inculpatory statements was overwhelming. In addition to the testimonial evidence of witnesses, the People presented surveillance video, photographs, and the event data recorders from the vehicle the defendant was driving, as well as from the vehicle of Howell's brother, who had pursued the defendant, all of which was consistent and established that the defendant caused Howell's death with criminal negligence (see Penal Law § 125.10). The error in the admission of the defendant's statements was harmless beyond a reasonable doubt, as there was overwhelming evidence of the defendant's guilt and no reasonable possibility that the error might have contributed to the defendant's conviction (see People v Crimmins, 36 NY2d 230, 237). Further, the erroneous suppression ruling did not deprive the defendant of his right to a fair trial (see id. at 238).
The defendant's remaining contentions either need not be reached in light of our determination or are without merit.
BRATHWAITE NELSON, J.P., ROMAN, GENOVESI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court