People v Bryan (2025 NY Slip Op 06033)

People v Bryan

2025 NY Slip Op 06033

Decided on October 30, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 30, 2025

Before: Moulton, J.P., Gesmer, González, Higgitt, Michael, JJ. 

Ind No. 1378/16|Appeal No. 5064|Case No. 2021-02052|

[*1]The People of the State of New York, Respondent,
v
Prince Bryan, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Stephen Nemec of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Malancha Chanda of counsel), for respondent.

Judgment, Supreme Court, New York County (Michelle Rodney, J.), rendered May 20, 2021, convicting defendant, after a jury trial, of two counts of perjury in the first degree, and sentencing him, as a second felony offender, to concurrent terms of 3 to 6 years, unanimously affirmed.
Defendant failed to preserve his claims that the prosecutor's testimony usurped the role of the trial jury and signaled that the indictment was evidence of defendant's guilt. Defense counsel failed to raise an objection on those grounds during the prosecutor's testimony (see People v Tevaha, 84 NY2d 879, 881 [1994]), and did not object to the court's curative instruction that the indictment was only an accusation and was not evidence (see People v Govan, 226 AD3d 522, 523 [1st Dept 2024], lv denied 42 NY3d 1020 [2024]). We decline to reach these claims in the interest of justice. As an alternative holding, we find that the court providently exercised its discretion in admitting the prosecutor's testimony to explain the grand jury process and why defendant had a motive to lie. The prosecutor never testified that the indictment implied defendant's guilt (cf. People v Sandy, 115 AD2d 27, 33 [1st Dept 1986]). In any event, any error involving the prosecutor's testimony was harmless (see People v Crimmins, 36 NY2d 230 [1975]; see e.g. People v Greene, 213 AD3d 418, 419 [1st Dept 2023], mod 41 NY3d 950 [2024]).
The trial court providently exercised its discretion in precluding the defense from inquiring about a disciplinary incident involving the Macy's store detective who observed defendant and an accomplice on surveillance video in the store's Polo section (see People v Smith, 27 NY3d 652, 660 [2016]). This line of inquiry was "collateral" and "likely to cause confusion and speculation on the part of the jury" (People v Smith, 303 AD2d 206, 206 [1st Dept 2003], lv denied 100 NY2d 543 [2003]). Moreover, any error was harmless because there is no significant probability that the jury would have acquitted defendant had the court permitted testimony about the store detective's disciplinary record (see People v Watson, 163 AD3d 855, 861 [2d Dept 2018], lv denied 32 NY3d 1009 [2018]).
Defendant failed to preserve his claim that the perjury counts were multiplicitous
(see People v Alfaro, 85 AD3d 686, 687 [1st Dept 2011], affd 19 NY3d 1075 [2012]), and we decline to review it in the interest of justice.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 30, 2025